CASE 89—PROSECUTION AGAINST DOC LOWRY FOR THE OFFENSE OF RAPE.—JUNE 22, 1901.

(Omitted in former reports.)

# Lowry v. Commonwealth.

APPEAL FROM MADISON CIRCUIT COURT—T. J. SCOTT, CIRCUIT JUDGE.

DEFENDANT CONVICTED AND APPEALS.  REVERSED.

RAPE — THIRD TRIAL — NEW WITNESS — SURPRISE — AFFIDAVIT FOR CONTINUANCE—REFUSAL—EVIDENCE—CONTRADICTORY STATEMENTS —DETAINING WOMAN—DEGREE OF OFFENSE—INSTRUCTIONS.

1. Where in a prosecution for rape two juries had disagreed, and on the third trial a new witness L. was introduced who swore that defendant had told him that he had committed a rape upon a woman, whereupon defendant filed his affidavit that he was surprised at the testimony of said witness and that he could prove by another witness H. that L. told him that defendant did not tell him L. that he had committed rape upon a woman, and asked that the jury be discharged and the case continued, which motion was overruled. HELD, this was error, and the court should have granted a continuance under the affidavit.

2. After a witness was introduced by defendant to contradict a statement made by the prosecuting witness, it was error for the prosecution to be allowed to prove on cross examination that the prosecuting witness had in the same conversation told him that the defendant had committed the offense, as the question was not what the prosecuting witness said in the presence of defendant's witness, but the sole question was, did she make the statement which she denied.

3. The statutory offense of detaining a woman against her will with intent to have carnal knowledge of her, is not a degree of the offense of rape, and on the trial of one for rape, an instruction to the jury authorizing them to find the defendant guilty of the statutory offense was prejudicial to the defendant though the jury found him guilty of rape.

C. C. CALHOUN AND C. H. BRECK, FOR APPELLANT.

ROBT. J. BRECKENRIDGE, ATTORNEY GENERAL, FOR APPELLEE.
        (No brief in the record.)

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellant was indicted in the Madison Circuit Court at its April term, 1900, charged with the offense of rape. A demurrer to the indictment was properly overruled, and at the same term his motion for a continuance was overruled and a trial had, which resulted in the failure of the jury to agree; and the jury was, on the 20th of April, 1900, discharged and the case reassigned to the 20th day of that term of court, and on the 24th of April, 1900, the case was again called and defendant's motion for a continuance was overruled. A jury trial was ordered, and on the 27th of April, 1900, the jury reported to court that they were unable to agree on a verdict, and they were thereupon discharged and the case was continued and assigned to the 4th day of the next September term of said court for trial, and the jailer of Madison county was directed to deliver the prisoner to the sheriff of Madison county to be by said sheriff conveyed to Fayette county and delivered to the jailer of said county to be held by said jailer until further orders of the court.

At the September term, 1900, the cause was continued for the plaintiff and assigned to the third day of the next December term of the court for trial, and the defendant ordered to be delivered to the jailer of Fayette county to be held until the further orders of the court.

At the December term, 1900, and on the 5th day of December, it appears that after various orders were entered attachments were issued against Reese Coats, Henry Kanatzar, Mitchel Broaddus, M. L. Young, and Ernest Young, witnesses for the defendant.

It also appears that a jury was selected and sworn and placed in charge of the deputy sheriff who was duly sworn. The jury afterwards returned into court in charge of said sheriff and the defendant then filed affidavit and thereupon

moved the court to continue this case and the attorney for the Commonwealth consenting that the affidavit of the defendant may be read as the deposition of absent witnesses mentioned in the affidavit provided their personal appearance can not be obtained before the conclusion of evidence in this case.  It was ordered that his motion for continuance be overruled, to which defendant excepted.  The jury was duly impaneled and sworn to try the issue, who, after hearing a portion of the evidence, were again placed in the charge of said deputy sheriffs until 9 o'clock the next day.

The affidavit is copied in the record, which we need not copy here.

· On December 5, 1900, it seems that appellant filed an additional affidavit and entered motion for a continuance.  The affidavit is as follows:

"Defendant, Doc Lowry, moved the court for a continuance of this case for the purpose of bringing N. B. Howard before the court to testify in his behalf.  He states that he has been taken by surprise by the testimony of William Lowry, who has not testified in this case before, and the said Howard would testify, if present, that the said William Lowry had stated to him that Doc Lowry did not, at the time he was crossing the river, make the statement that he, Doc Lowry, had committed a rape upon a woman, and said that he did not tell him anything further than that he was in trouble and wanted to get away for a few days.  The defendant says that if the above witness was present he would testify to the above facts, and that the above facts are true."

This affidavit was sworn to and filed December 5, 1900.  On the 6th of December, 1900, the following order appears:

"The jury herein came into court in charge of deputy sheriffs J. M. Terrill and Martin Gentry, and after hearing the remainder of the evidence, the defendant filed· affidavit

and moved the court to continue this case until they could have subpoenas issued and served on witness and obtain his personal appearance mentioned in said affidavit, and the court being sufficiently advised, it is ordered that said motion be overruled, to which defendant excepts. . . . . The jury, after receiving instructions from the court and hearing the arguments of counsel, this case was submitted to them for their consideration and verdict, and placed in charge of deputy sheriffs J. M. Terrill and Martin Gentry."

On the 7th of December, the jury returned a verdict as follows:

"We, the jury, find the defendant, Doc Lowry, guilty of rape, and fix his punishment at twenty years in the penitentiary.      (Signed) "JAMES COSBY, One of the Jury."

Appellant's motion for a new trial having been overruled, he prosecutes this appeal.

The grounds relied on for a new trial are: First, the court misinstructed the jury; second, the court erred in allowing incompetent evidence to go to the jury; third, the verdict is against the law and evidence; fourth, the defendant has not received a fair trial in that he was taken by surprise by the testimony of William Lowry for Commonwealth, and the court refused to allow the defendant time to bring witnesses into court to contradict said Lowry. The court allowed Commonwealth to prove all the statements of Cordelia Million, prosecuting witness, when defendant asked for her statement upon one particular point to contradict her upon that point when she had denied making such statement.

It seems that William Lowry, whose name was not upon the indictment, and who had never until the December term, 1900, been introduced as a witness by the Commonwealth, theretofore testified that the appellant had told him that he,

appellant, had committed a rape upon a woman, and appellant claimed to be taken by surprise by the introduction of said witness and desired an opportunity to contradict the same. It further appears that the prosecuting witness was asked as to certain statements made by her to one Young, which, to some extent, was material, and denied making such statement. The appellant then introduced Young and proved by him that she did make such statement. The Commonwealth was then allowed to prove over the objection of appellant, that the witness said in that conversation that Lowry did commit the offense charged, and of this appellant also complains. Complaint is made in the grounds for a new trial of error in the instructions.

It seems to us that instruction No. 1 correctly states the law applicable to the case. Instruction No. 2 in substance says to the jury that if they should find defendant not guilty of rape, yet, if they believe from the evidence beyond a reasonable doubt that the defendant, in the county and before the indictment, by force did detain Cordelia Million against her will, and with intent to have carnal knowledge of her, without having such carnal knowledge, they should find him guilty of detaining a woman against her will, and fix his punishment at confinement in the penitentiary not less than two nor more than seven years.

This instruction is clearly erroneous. The appellant was not indicted for the offense named in said instruction. The offense of detaining a woman, etc, is not a degree of the offense of rape, and is a statutory offense created by statute, the punishment of which and the ingredients of which are essentially different from the crime of rape.

It is suggested that inasmuch as the jury found appellant guilty of rape that the instruction in question did not prejudice him. We can not concur in this contention. The in-

struction necessarily implies that there was some evidence tending to show the defendant guilty of the crime mentioned in the instruction, and was well calculated to prejudice the defendant in the minds of the jury, and was calculated to create in the minds of the jury the belief that in any event the evidence showed the appellant to be guilty of some crime, and in our opinion was prejudicial to the appellant.

We are also of opinion that the court erred to the prejudice of appellant in allowing the witness Young to testify as to the statements made by the prosecuting witness at the time that Young proved she had made the statements which she had denied making. The question was not what she said in the presence of Young, but the sole question was, did she make the statements called for by the appellant and which she denied making.

We are also of opinion that the court should have allowed to the appellant a reasonable opportunity to have procured the attendance of Howard for the purpose of contradicting the witness William Lowry.

It may be seen from the record that this case had been called for trial on three different times before the final trial. Two juries had disagreed, and the Commonwealth had obtained one continuance, and at no time prior to the December term, 1900, had the witness William Lowry been introduced, and as it appears that his testimony was as to statements made to him by the appellant, and as appellant denied making the statements he could not have been reasonably expected to be prepared to contradict the same. Hence, we think that his contention as to surprise at the testimony of William Lowry was well taken, and he ought to have been allowed a reasonable opportunity to meet the same.

The charge against the appellant is the most heinous of crimes and calculated to engender universal horror and con-

demnation, and for that reason it became of the utmost importance to defendant to have a full, fair and legal opportunity to meet and present his defense to such an infamous charge.

It is not for us to say whether the errors complained of as a matter of law and fact necessarily prejudiced his substantial rights. It is sufficient grounds for reversal if it is probable that he was prejudiced by the rulings of the court, or if it is probable that a different verdict would have been rendered if the errors complained of had not occurred.

The penalty imposed is quite severe, being almost equivalent, at his age, to a sentence for life; but if he is guilty, the punishment is none too severe.

For the errors indicated, the judgment is reversed and cause remanded for a new trial upon principles consistent with this opinion.

Whole court sitting; Judges Burnam and Hobson dissenting.