## Head v. Commonwealth.

(Decided March 23, 1917.)

## Appeal from McCreary Circuit Court.

1. Rape—Detaining Woman Against Her Will.—The offense of detaining a woman against her will witn intent to have carnal knowledge of her is not a degree of the offense of carnally knowing a female under the age of consent.

2. Criminal Law—Substituting New Indictment.—It is error for the court, after the trial has been entered into in a criminal case, to substitute a new indictment for the one under which the defendant is being tried, charging a different offense, although such offense may be a degree of or included in the one charged in the first indictment.

3. Criminal Law—Dismissal of Indictment—Not Bar to Proecution.— The dismissal of an indictment after the jury has been impanelled and sworn is no bar to another indictment based upon the same act but describing a different offense which is not a degree of nor included in the one charged in the first indictment.

4. Criminal Law—Indeterminate Sentence—Trial.—The jury should have been instructed under the Indeterminate Sentence Law, as the offense was committed while it was in force and effect.

H. C. CRESS, W. R. CRESS, I. N. STEELEY and J. W. RAWLINGS for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the June, 1916, term of the McCreary circuit court, the grand jury of that county returned into court an indictment against the appellant charging him with the offense of carnally knowing a female under the age of sixteen years, being the offense denounced by section 1155 of the Kentucky Statutes. At the following August term of that court the defendant was placed upon trial under that indictment, to which he entered a plea of not guilty, and after the evidence had been heard, the grand jury of that term returned into court an indictment against him for unlawfully taking and detaining a woman with intent to have carnal knowledge of her, which is the offense denounced by section 1158 of the Kentucky Statutes. The latter indictment, over the objections and exceptions of the defendant, was substituted for the first one, and the court ordered the trial to proceed upon the substituted indictment before the same jury and upon the

evidence which had already been heard in the trial under the first one, but gave to each party the privilege of introducing any additional evidence after the substitution of the new indictment, which they might desire to offer.

The prosecutrix in the two indictments was the same and the acts for which it was sought to punish the defendant under each indictment were also the same. For the purposes of this opinion we shall refer to the first indictment as the old one and to the last indictment as the new one.

The cause for procuring the new indictment was that the evidence introduced failed to show that defendant had penetrated the body of the prosecuting witness; in other words, there was a failure to prove sexual intercourse, which is an essential ingredient of the offense charged in the old indictment. The jury returned a verdict finding the defendant guilty of the offense contained in the new indictment, sentencing him to a term of two years in the penitentiary, and to reverse that judgment he prosecutes this appeal.

Several errors are relied upon for reversal, but we deem it necessary to consider only such as will appear during the progress of this opinion. The court, in permitting the new indictment to be substituted for the old one, was no doubt of the opinion that the offense charged in the new indictment was a degree of or included in the one charged in the old one, and that under the provisions of section 262 of the Criminal Code the defendant could be convicted of detaining a woman against her will with intent to have carnal knowledge of her himself, and that his rights would not be prejudiced by substituting for the old indictment the new one, describing the offense of which the defendant could be convicted as a degree of the one contained in the old indictment under which he was being tried.

We are convinced, however, that the court was in error in both propositions. Section 262 of the Criminal Code enumerates the offenses which shall be deemed to be degrees of others therein named, but the crime of rape is nowhere mentioned in that section.

In the cases of Fenston v. Com., 82 Ky. 549; Young v. Com., 16 Ky. L. R. 493, and Eades v. Com., 162 Ky. 89, it was held that the offense of carnally knowing a female under the age of consent is a degree of the offense of rape, but in Lowry v. Com., 23 Ky. L. R. 1240, which is referred to with approval in the case of Burdue v.

Com., 144 Ky. 428, it was held that the offense of detaining a woman against her will with intent to have carnal knowledge of her (being the one of which defendant was convicted) is not a degree of the crime of rape.

In 12 Cyc. 280, in discussing the rule to determine the identity of offenses, or whether or not one is a degree of another, it is said: "The safest general rule is that the two offenses (in order for the one to be a degree of the other) must be, in substance, precisely the same, or they must be of the same nature or the same species, so that the evidence which proves the one would prove the other; or, if this is not the case, then the one crime must be an ingredient of the other."

The crime of rape and that of carnally knowing a female under the age of consent are each of the same nature and of the same species, the only difference being that the law conclusively presumes in the latter offense that the infant female on account of her age is incapable of giving consent and that the act is *ipso facto* unlawfully committed, as it is required to be done, in order to commit the crime of rape. Not so, however, with the offense of detaining a woman against her will, as it is not necessary to show actual carnal knowledge or intercourse in order to complete the crime, neither is there any presumption dispensing with proof of non-consent.

It would seem, therefore, to logically follow that the offense of detaining a woman against her will with intent to have carnal knowledge of her is not a degree of, or included in, the crime of carnally knowing a female under the age of consent. In other words, an offense cannot be a degree of another one when the latter is a degree of and included in still another and higher offense of which the first mentioned one is neither a degree of it nor included in it.

It, therefore, results that the court was in error in holding, if he did do so, that the offense charged in the new indictment was a degree of that charged in the old one. But if it were otherwise, we are clearly convinced that the action of the court in permitting the new indictment to be returned and substituted for the old one and in proceeding with the trial with the same jury and considering the testimony theretofore heard, was clearly at variance with the rules of practice in criminal procedure prevailing in this and other jurisdictions, and to such an extent as that we are unable to give our sanction to it. The defendant has a right at the inception of the trial and before being called upon to enter into it or to offer

any character of plea, to know the offense with which he is charged and upon which it is intended to try him, and that offense should be presented in the manner prescribed by the rules of criminal procedure prevailing at the place of the forum. To permit the practice of substituting an indictment for one charge when the defendant has been arraigned and has entered upon the trial under an indictment for a different crime, although the former may be a degree of the latter, would so unsettle the rules of criminal practice as to destroy all certainty of procedure which the law throws around the citizen when he is being tried for his life or his liberty. Without elaborating this point further, we unhesitatingly hold that upon the return of the new indictment the impanelling of the jury should have been set aside and the prosecution continued either to another term or a later day in the same term.

After the substitution of the new indictment, the defendant entered a plea of former jeopardy, based, of course, upon the contention that the jury having been sworn to try him under the old indictment, he was thereby placed in jeopardy as that indictment was discharged over his objection, and he could not, therefore, be tried or convicted under the new indictment.

The fallacy of this position lies in the fact that as we have seen the offense charged in the new indictment is not a degree of the one charged in the old one and defendant could not have been convicted of the offense charged under it, had there been no substitution. Furthermore, as the offenses are distinct, neither being a degree of or included in the other, if defendant had been acquitted under the old indictment, it would not have been a bar to another trial for the offense described under the new one. There was an utter failure of proof in the trial under the old indictment and for such a variance as that, under section 178 of the Criminal Code, a dismissal of the old indictment would not be a bar to a prosecution for another offense which the facts established and which is neither a degree of nor included in the old indictment. Bishop's New Criminal Law, volume 1, section 1052; Turner v. Com., 19 Ky. Law R. 1161.

Complaint is further made that the offense was committed before the repeal of the Indeterminate Sentence Law, and the jury should have been instructed under it, which is true, but the verdict is for the minimum term of punishment fixed by the statute for the offense with the commission of which the defendant is charged, and under

the opinions of this court in the case of Fuson v. Com., 173 Ky. 238, and other cases therein referred to, the defendant was not prejudiced by this error. However, upon another trial the jury should be instructed as herein indicated.

Wherefore, the judgment is reversed, with directions to grant the defendant a new trial and for proceedings consistent herewith.