## Breeding v. Commonwealth.

(Decided January 14, 1921.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Arraignment Upon Charge of Incest—New Indictment for Detention of Female Against Her Will.—A person who is indicted for incest and who is prepared on the day of trial to defend that charge cannot over his objection be forced into trial under an indictment returned on that day charging him with the offense of detaining a woman against her will. A statement in the second indictment that it was in lieu of and a continuation of the charges in the former indictment will not avail the prosecution.

2. Rape—Detaining Woman Against Her Will—Not Degree of Incest.—The offense of detaining a woman against her will is not a degree of the offense of incest.

D. D. FIELDS & DAY for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Appellant was indicted by a Letcher county grand jury August 16, 1918, for the crime of incest and was admitted to bail in the sum of $3,000.00. The case was continued on the docket from time to time until April 16, 1920, on which date another indictment was returned against appellant charging him with the offense of detaining a woman against her will. It is recited in the last indictment that it is in lieu of the one found in August, 1918, and is a continuation of the charge contained in the earlier indictment.

When the second indictment was returned, appellant was in court with his witnesses prepared to try the case under the first indictment, and it was sought forthwith to compel him to enter into a trial of the charges that day preferred against him.

He filed an affidavit seeking a continuance of the trial on several grounds, among others that he was not prepared for trial as he had no intimation of any such charges being filed against him; that the finding of the indictment was the result of a conspiracy on the part of his children to get rid of him, and if granted time to secure witnesses he could disprove said charges. It is admitted appellant was forced into a trial under the second indictment on the day it was filed.

The Commonwealth's attorney was not required to admit the truth of the statements in the affidavit for continuance, but was allowed to contradict the statements in said affidavit and to cross-examine appellant in regard to same. In permitting this procedure the court was evidently under the impression that the act of March 22, 1920, amending section 189 of the Criminal Code was in effect, but that act did not become a law until ninety days after the adjournment of the general assembly. (Ky. Const., sec. 55.) Subsection 2 of said section 189, repealed by the act of 1920, but in force when the trial was had, provides that subsection 1 (re-enacted by the 1920 act), should not apply to a motion for a continuance made at the same term at which the indictment was found.

In this subsection 1, it is provided the Commonwealth is not compelled to admit the truth of the matter contained in an affidavit for a continuance as to what absent witnesses would prove but only that said witnesses would testify as alleged in the affidavit. The Commonwealth is also given the right to controvert the statements of such affidavit and to impeach the absent witnesses the same as if personally present.

Appellant was found guilty and sentenced to a term of four years in the penitentiary. His motion for a new trial having been overruled he has prosecuted this appeal.

The Commonwealth very frankly and properly admits appellant has not had a fair trial.

In section 185 of the Criminal Code it is provided:

"If the defendant be in custody, or on bail when the indictment is found, *or be summoned or arrested three days before the time fixed for the trial,* the trial may take place at the same term of the court, at a time to be fixed by the court."

The italicized words were added by an act of 1910. On April 16, 1920, appellant was not in custody nor on bail for the offense for which he was indicted on that date, nor had he been summoned or arrested on that charge three days before the trial. Unquestionably appellant was entitled to some time within which to prepare his defense and secure his witnesses, and time should have been granted him for this purpose under the circumstances.

As said in O'Brian v. Commonwealth, 9 Bush 333:

"The Commonwealth is not in pursuit of victims, but desires to inflict punishment only in a legal and constitutional way upon the guilty."

In Brooks v. Commonwealth, 100 Ky. 194, 37 S. W. 1043, decided in 1896, accused was indicted on the second day of the June term of court for a homicide committed the evening before and his trial set for the fourth day of the term. His motion for a continuance was overruled and this was held error though the facts set forth in the affidavit for a continuance were not technically legal grounds for a continuance.

By no sort of reasoning could the charges or trial under the new indictment be treated as a continuance of those contained in the first one. The prosecutions were under entirely different statutes. For incest the punishment is from two to twenty-one years (Ky. Stats., sec. 1219), for detaining a woman against her will, the punishment is from two to seven years. (Ky. Stats., sec. 1158.)

Neither is a degree of the other nor could a person indicted under one be convicted under the other. To allow this the two offenses must be in substance precisely the same or of the same nature. 16 C. J. 264.

Sections 262 and 263 of the Criminal Code provide that upon an indictment for an offense consisting of different degrees, defendant may be found guilty of any degree not higher than that charged, or of any offense included in that charged. Under an indictment for robbery a conviction may be had for a simple larceny, Commonwealth v. Prewitt, 82 Ky. 240, and in Commonwealth v. Hurd, 109 Ky. 8, 58 S. W. 369, housebreaking was held to be a degree of burglary. Likewise under an indictment for murder accused may be convicted of malicious cutting and wounding. Housman v. Commonwealth, 128 Ky. 818, 110 S. W. 236. Carnally knowing a female

under the age of consent is a degree of the offense of rape. Eades v. Commonwealth, 162 Ky. 89, 172 S. W. 104, but the offense of detaining a woman against her will is not a degree of the crime of rape. Head v. Commonwealth, 174 Ky. 841, 192 S. W. 861.

It follows therefore that the offense denounced by Kentucky Statutes, section 1158, to-wit, detaining a woman against her will is not a degree of the offense with which appellant had been charged in the first indictment, namely, incest. (Ky. Stats., sec. 1219.)

For these reasons the judgment appealed from will be reversed for further proceedings consistent herewith.