## Dean v. Commonwealth.

(Decided May 13, 1930.)

C. A. NOBLE for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellant, Peggy Stacey Dean, and Wash Jones were jointly indicted by the grand jury of Perry county, charged with committing the offense of adultery. At her separate trial thereunder she was convicted, and she has filed a transcript of the record in this court with a motion for an appeal and by her counsel relies upon a number of grounds as constituting reversible error, the material ones of which are: (1) That the court erred in overruling her motion for a continuance and forcing her into trial on the next day after her arrest, and the fifth day after the finding of the indictment; (2) irregularity in the formation of the jury; (3) incompetent evidence introduced by the commonwealth over her objection; and (4) error in overruling her motion for a peremptory instruction of acquittal—each of which will be briefly considered and determined in the order named.

■ Defendant was not before the court by any previous investigation, or otherwise, at the time the indictment was returned, which was on March 8, 1930, and upon which day a bench warrant for her arrest was issued by the clerk of the court. It was executed by the sheriff by arresting her on March 12, and taking bond for her appearance pursuant to an indorsement by the judge on the indictment. On March 13th she was tried over her objections, her motion for a continuance being overruled. Section 185 of the Criminal Code of Practice says: "If the defendant be in custody, or on bail, when the indictment is found, or be summoned or arrested three days

before the time fixed for the trial, the trial may take place at the same term of the court, at a time to be fixed by the court.'' Section 187 of the same Code says: ''All prosecutions shall stand for trial on the day to which they are docketed, if the defendant be in custody, or on bail, or have been summoned or arrested three days before the day fixed for the trial. Those two sections clearly state that there are three situations authorizing the trial of an indicted defendant at the same term of court at which the indictment is found, and they are: (a) Where the defendant in the indictment was in custody at the time the indictment was found, or if not in custody at that time, (b) he was then on bail, and (c) where defendant was neither in custody nor on bail at the time of the finding of the indictment and was later arrested under a bench warrant issued thereon.

Situations (a) and (b) clearly presuppose a prior apprehension of defendant followed by some sort of preliminary investigation with a resultant binding over of him to the circuit court to be dealt with according to law, but neither of which existed in this case, and the commonwealth could not demand a trial of appellant at the same term she was indicted under either of them, and which left only its right to demand a trial at that term under situation (c), supra, and which also did not exist in this case, since the trial was had on the next day after appellant was arrested and for the first time brought before the court. This is not a case calling for the application of principles and rules governing the right of continuance by the defendant in a criminal prosecution for the absence of witnesses; insufficient time for preparation; surprise, or any of the other usual grounds for continuance, notwithstanding the evident purpose of the Code provisions was to fix the trial at a time so as to give a minimum time for preparation but which could be extended by the court under the circumstances of each case. However, it is patent that it was the intention of the Legislature, and the purpose it had in view in enacting the Code provisions, to mandatorily require that defendant should have as much as three days after his first apprehension for preparation before the commonwealth could demand or enforce a trial of the indictment over his objection. The interpretation of those Code provisions, as so made, is so plain and so manifest as to require the citation of no interpretative opinions in support thereof. But they were construed and applied as

above outlined in the case of Breeding v. Commonwealth, 190 Ky. 207, 227 S. W. 151. It is therefore our conclusion that this ground is meritorious and must be sustained.

■ It is urged in support of ground 2 that at the time the indictment was returned the regular panel of the petit jury had been discharged and that the jury that tried defendant was summoned by the sheriff from bystanders and was composed entirely of women. But whether such complaints were or not erroneous cannot be considered by us, since we are barred from doing so by the provisions of section 281 of the Criminal Code of Practice, saying that, "The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment, shall not be subject to exception." A long array of cases are cited in the notes to that section wherein we have uniformly held that this ground, involving a challenge to the panel, is not the subject of exception and cannot be considered on appeal, and for that reason it is dismissed because unavailable.

■ The evidence complained of under ground 3 was: (d) That offered by the commonwealth over defendant's objections, as substantive proof of defendant's guilt, showing her bad reputation for chastity; (e) proof over defendant's objections of a *rumour* among the people of the neighborhood to the effect that defendant and her codefendant, Jones, who was not on trial, were living together in adultery; and (f) the introduction of a letter written by Jones, appellant's codefendant, on February 24, 1930, to a couple of his sisters, asking them to send him $25, and informing them of his intended visit to them, and that when he came he would bring along with him his wife.

It at once will be seen that the complained of evidence under division (d) presents the question: Whether the moral character and reputation of *defendant* on trial may be introduced by the commonwealth as *substantive* proof of his guilt of the offense for which he is being tried? The case of Evans v. Evans, 93 Ky. 510, 20 S. W. 605, 14 Ky. Law Rep. 628, was a divorce proceeding, and one of the grounds relied on by the husband was adultery, or adulterous conduct by the wife, and, it was held that her general reputation for engaging in such conduct was incompetent as substantive evidence to establish the charge. That was a civil action, and if the offered evidence, which was of the same nature and quality and

to establish the same fact as that offered in this case, was incompetent for the purpose, it is difficult for us to see wherein it would be competent in a criminal prosecution when the liberty of the one so assailed is involved. The instances in which character or reputation testimony are admissible were pointed out and discussed by us in the four comparatively recent cases of Leahman v. Broughton, 196 Ky. 146, 244 S. W. 403; Strong v. Commonwealth, 216 Ky. 98, 287 S. W. 235; Commonwealth v. Ashcraft 224 Ky. 203, 5 S. W. (2d) 1067; and Alford v. Commonwealth, 227 Ky. 732, 13 S. W. (2d) 1026.

It is shown in some, if not all, of those opinions that the competency or incompetency of such testimony is governed exclusively by the purpose for which it is offered, and the person against whom it is directed. If the character or reputation of the one attacked has testified in the case, although a defendant or party to the action, such testimony is competent for the purpose of impeaching him as a witness and to affect the credibility of his testimony given on the trial. It has likewise been held that the bad reputation of the other person to the act of adultery may be introduced as substantive evidence against the one on trial who was the other party to the forbidden conduct. See 2 C. J. secs. 52 and 53, and Roberson's Kentucky Criminal Law, sec. 1422. But that is quite a different matter from the question here presented and which is the competency of such testimony directed to defendant's character as substantive proof of his guilt of the charge for which *he* is on trial.

In the Alford case, supra, it was pointed out that in certain sexual intercourse prosecutions testimony of prior acts between the *same* parties has been held as competent by this court to prove that they were guilty of the particular unlawful act involved in the indictment: but the testimony objected to in this case did not consist of prior similar acts between the *same* parties, but only the individual reputation of the defendant on trial and which was formed by conduct engaged in with any and every one whom she chose to permit and was not confined to similar *acts* with the *same* person for the purpose of showing their relationship, and past similar conduct to the act for the commission of which the prosecution was had.

In the opinions in the Strong and Ashcraft cases it was expressly held that such reputation testimony of the

defendant on trial was not competent as substantive proof of his guilt of the crime for which he was being tried. In each of those opinions the circumstances and conditions under which such reputation testimony was competent and admissible were discussed, and it is unnecessary to repeat that discussion in this opinion. It is sufficient to say that it was held in each of them that it was not competent or admissible for the purpose for which it was offered in this case, and the court erred in admitting it. If competent as substantive proof to prove the guilt of the defendant in this character of case, it would likewise be competent to prove the reputation of the defendant in every prosecution for committing the offense for which he was on trial, and which, it will no doubt be admitted, would be repugnant to the fundamental and universally approved rules of criminal practice. This subdivision, therefore, of this ground must be and it is sustained.

In disposing of subdivisions (e) and (f) of this ground no extended argument is required. The evidence involved in subdivision (e) is somewhat related to that discussed supra in disposing of subdivision (d); but there are less acceptable grounds for the admission of the *rumour* involved in subdivision (e) than the general reputation involved in subdivision (d). Upon no hypothesis was the evidence concerning such *rumour* admissible in this case, and the court erred in doing so.

The letter written by appellant's codefendant was for a still greater reason incompetent and prejudicial. It was addressed to strangers to the indictment and was the baldest of hearsay, even if its contents were of an incriminating nature, but which was and is unture. The incompetency of the letter involved in this subdivision is so glaringly apparent and so completely manifest that we will consume no further time nor space in its discussion.

■ It is argued in support of ground (4) that the competent evidence in the case was insufficient to sustain the charge in the indictment, and for that reason defendant's motion for a peremptory instruction of acquittal should have been sustained. Without setting out the testimony, which could serve no useful purpose, we deem it sufficient to say that it is extremely doubtful if it sustained the complained of conviction. We are aware of the universally prevalent rule that a conviction may be

314

had under a charge of this kind upon circumstantial proof alone. But the few proven circumstances in this case, exclusively relied on to sustain the verdict, while sufficient to raise a suspicion of defendant's guilt, yet they are equally susceptible to an innocent construction. However, since the above-discussed grounds mandatorily require a reversal of the judgment, and since the testimony may be different on another trial, we have concluded to pass this ground without the expression of an opinion, and it is left open for future determination.

Wherefore the motion for an appeal is sustained, the appeal is granted, and the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.