## Brock et al. v. Commonwealth.
(Decided April 19, 1935.)

WILLIAMS & DENNEY and J. J. FELTON for appellants.

BAILEY P. WOOTTON, Attorney General, RAY L. MURPHY, Assistant Attorney General, J. M. KENNEDY and JOEL M. JONES for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The appellants, R. V. Brock and Mrs. R. V. Brock, reside at Livingston, Rockcastle county, Ky., where they engaged in the business of conducting a restaurant and café.

On September 7, 1934, they were jointly indicted, charged with the offense of maintaining a public, common nuisance by permitting men and women of ill name to congregate around and about their place of business and keep up a general disturbance, by deporting themselves in a lewd and lascivious manner and engaging in brawls and boisterous conduct to the common nuisance of their neighbors and those passing and repassing the premises.

To the charge defendants entered a plea of not guilty. Upon trial they were convicted and the punishment of each fixed at $75 and costs.

Their motion and grounds to set aside the verdict and judgment and to grant them a new trial having been overruled, they have filed here a transcript of the record, with motion for an appeal, assigning a number of alleged reversible errors to have been committed upon the trial. In view of the conclusion we have reached, requiring a reversal of the judgment, we deem it unnecessary to consider more than this one of the grounds relied upon, which is that the court erred in forcing the defendants into trial upon the day next after they were arrested. The defendants were not before the court by any previous investigation, or otherwise, at the time the joint indictment was returned against them on September 7, 1934. They were arrested thereunder and brought before the court on September 10, 1934. On September 11th, the defendants were put upon trial over their objection and motion for a continuance, upon the ground of not being allowed sufficient time in which to prepare their defense to the indictment.

Section 185 of the Criminal Code of Practice says:

"If the defendant be in custody, or on bail, when

the indictment is found, or be summoned or arrested three days before the time fixed for the trial, the trial may take place at the same term of the court, at a time to be fixed by the court.''

Section 187 of the Code provides that:

"All prosecutions shall stand for trial on the day to which they are docketed, if the defendant be in custody, or on bail, or have been summoned or arrested three days before the day fixed for the trial.''

In the case of Breeding v. Commonwealth, 190 Ky. 207, 227 S. W. 151 and the later one of Dean v. Commonwealth, 234 Ky. 308, 28 S. W. (2d) 11, 12, the court had before it the interpretation of these Code provisions as applicable to a like state of facts there, as here, presented. In these cases it was decided that the court committed reversible error in overruling defendants' motion for a continuance and compelling them to go into trial within less than three days after their arrest. In the Dean Case supra, interpretative of these Code provisions, the court said:

"This is not a case calling for the application of principles and rules governing the right of continuance by the defendant in a criminal prosecution for the absence of witnesses; insufficient time for preparation; surprise, or any of the other usual grounds for continuance, notwithstanding the evident purpose of the Code provisions was to fix the trial at a time so as to give a minimum time for preparation but which could be extended by the court under the circumstances of each case. However, it is patent that it was the intention of the Legislature, and the purpose it had in view in enacting the Code provisions, to mandatorily require that defendant should have as much as three days after his first apprehension for preparation before the commonwealth could demand or enforce a trial of the indictment over his objection.''

Deeming these decisions thus interpreting the cited Code provisions as mandatorily requiring that the defendant shall have as much as three days after apprehension for preparation of his defense before enforcing, over his objection, a trial upon the indictment, as controlling of the question here presented, and only de-

ciding such question, we are of the opinion based upon their authority that appellants' motion for an appeal is to be sustained, an appeal granted them and the judgment reversed, with directions to grant a new trial.