# Chenault v. Commonwealth.

March 22, 1940.

D. B. Caudill, Judge.

Howard H. Whitehead and Howard C. Hadden for appellant.

Hubert Meredith, Attorney General, and W. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On the night of October 28, 1939, the appellant,

Floyd Chenault, in Mt. Sterling, Kentucky, shot with a pistol and killed Roy Mason—they both being colored, and the appellant being 24 years of age and the deceased 27 years of age. On the 9th of November following the homicide the grand jury of Montgomery county returned an indictment against appellant accusing him of wilful murder, and on his trial—which the court forced to be held on the next day—he was convicted of voluntary manslaughter and punished by confinement in the penitentiary for thirteen years. On this appeal, prosecuted by his appointed counsel to defend him, but one error is argued for a reversal, and which is, that the court erred in forcing defendant to trial on the next morning after the return of the indictment in the afternoon of the day before, and immediately following the appointment of counsel to defend because of the absence of previously employed counsel, and which employment was made by appellant's father soon after the commission of the homicide.

A most peculiar thing appears in the record, and which is the affidavit of such employed counsel and which is not explained by anything whatever appearing in the record. By way of demonstrating our characterization we insert the affidavit of employed counsel with the omission of his signature and the jurat thereto, and also the omission of his name appearing in the affidavit, since possibly there exists some explanation—not contained in the record—for his apparent dereliction of duty after his employment. The affiant was and is a lawyer of standing as a member of the Montgomery County Bar. As so deleted his affidavit says: "Affiant, ———, says that he is an attorney regularly practicing at this bar of the Montgomery Circuit Court, and that he was employed by Roy Chenault, father of Floyd Chenault, to defend his son who was charged with the murder of one Roy Mason, and that said Roy Chenault paid him on his fee the sum of Twenty ($20.00) dollars to make a defense for the said Roy Chenault's son in Circuit Court, and that when the case was called for trial that affiant was not in Court and did not appear to make a defense for said Floyd Chenault, that his absence was not due in any way to failure on part of Floyd Chenault or his father, Roy Chenault, but was wholly due to the fault of this affiant."

That situation was made to appear on the morning of November 10, 1939; whereupon the court, without taking any steps so far as the record shows to ascertain the cause of the absence of employed counsel, appointed Howard H. Whitehead and Howard C. Hadden, members of the Mt. Sterling bar to defend appellant, and it is made to appear by the record that they offered to file an affidavit seeking a postponement of the trial until the next term, or until a later day in the same term, in order that they might acquaint themselves with the facts and to converse with their client and his witnesses, as well as those for the commonwealth whose names appeared upon the indictment. The court, however, overruled that motion and immediately. forced defendant to trial, which resulted in his conviction and punishment as hereinbefore stated. The foregoing facts appear from the clerk's transcript of the record; but the testimony heard at the trial cannot be considered by us, since the Bill of Exceptions was filed at a succeeding term of the court without a previous order extending the time, and, therefore, all errors contained in the motion for a new trial growing out of or issuing from the testimony heard at the trial can not be considered, but any error shown by the record not so emanating will be considered and determined in accordance with our conception of the law applicable to the situation presented.

The foregoing statement presents the unqualified case of an indictment of one, charged with the highest degree of felony known to the law, and for which the accused may be called upon to forfeit his life, and which was committed only fifteen days before the return of the indictment, and the trial of which was forced upon him over his objections the next morning when previously employed counsel was absent without his fault and then and there appointed counsel were given no time whatever to familiarize themselves with the facts of the case. Without prior decisions as precedents it would seem that the situation imperatively required the granting of reasonable time within which appointed counsel might acquaint themselves with the facts sufficiently to present their client's cause in a way to assure him a fair trial, and to thereby uphold the dignity of the law in its constant and consistent declaration—as contained in our Constitution and opinions from this court—that one ac-

cused of crime is entitled to a fair trial. Acquittal was sought in this case on the ground of self defense, which fact we learn from the unauthorized Bill of Exceptions brought here as a part of the record, and from the same source we learn that the evidence in support of that defense was more or less substantiated. From the same source it is shown that the shooting occurred at a colored restaurant where there were collected quite a gathering of people, and counsel possibly might have strengthened their client's defense by a greater number of supporting witnesses had they been given opportunity. Likewise, they might have interrogated the witnesses for the commonwealth so as to be prepared to refute their testimony in some manner but of which they were deprived by the action of the court in forcing an immediate trial.

However, we are not without an abundance of prece dent opinions showing that the court erred to the sub stantial prejudice of defendant's rights by forcing th'. trial of appellant at the time he did. In Section 1900 of the Second Edition of Roberson's New Kentucky Criminal Law and Procedure the discussion of the right of postponement or continuance of a criminal prosecution is commenced. Among the most important facts stated in that section is one to the effect that it is important that a trial of a criminal prosecution may be had as speedily as possible, "but it is more important that the trial should be fair than that it should be speedy." Furthermore, in the same section it is correctly said that the peace and order of society that persons charged with crime should be brought to an early trial "but, while this is so, the right of the accused to reasonable time and opportunity to prepare and present his defense and establish his innocence, if he can, should not be lost sight of, or the trial conducted in such haste as to deny the accused the right to be heard in his own behalf." The excerpts are taken from the opinion in the case of Samuels v. Commonwealth, 154 Ky. 758, 159 S. W. 575, 578, and are approved by a number of other cases in the same note (No. 2) to the text.

In Section 1903 of the same work the author deals with the question of the absence of previously employed counsel, and in which he states generally that if the absence of such counsel is entirely without fault of the accused, then the latter would be entitled to a reasonable

time to supply counsel, or if he was unable to do so to obtain appointed counsel, with proper time for them to familiarize themselves with the case. Numerous cases are cited in the notes to the text of that section in substantiation of its contents. In Secion 1904 of the same work the learned author deals with a situation very similar to the one here presented, and in which he incorporates copious excerpts from our opinions in the cases of McDaniel v. Commonwealth, 181 Ky. 766, 205 S. W. 915, and Allen v. Commonwealth, 168 Ky. 325, 182 S. W. 176. The excerpt taken by the author from the McDaniel opinion so completely fits the present case as that we deem it appropriate to insert it here, with the statement that it but reiterates what had been said in numerous former opinions and approved and followed in numerous later ones of this court. It says [181 Ky. 766, 205 S. W. 919]: "Under our form of government the right of the accused in every case to be heard by himself and counsel is, as provided in Section 1 of the Constitution, an 'inherent and inalienable right' that no defendant, whatever the crime charged against him, or however incensed the public may be on account of its commission, should be denied. * * * The constitutional right of the accused to be represented by counsel necessarily carries with it the right of his counsel to have reasonable time and opportunity to get his bearings, to look over the ground, and to study the case in its various aspects, so that when he goes into the trial he may be prepared to give to his client the full measure of his experience and ability in the conduct of cases; and especially is some reasonable time for study and preparation required of an attorney who assumes the burden of representing an accused who is charged with a capital offense and whose life may be the penalty of any mistake or want of information on the part of his counsel. An attorney is never called on to perform a more serious or solemn or difficult duty than when he undertakes to defend an accused who is charged with a capital crime, and * * * no attorney, however capable or experienced he may be, can go into trial of a capital case within a few hours after he has been first employed, and give to that case the skill and ability the accused is entitled to have at his hands." Compare also the later cases of Cass v. Commonwealth, 236 Ky. 462, 33 S. W.

(2d) 332; Brock v. Commonwealth, 258 Ky. 778, 81 S. W. (2d) 594; Moore v. Commonwealth, 260 Ky. 437, 86 S. W. (2d) 145, and Johnston v. Commonwealth, 276 Ky. 615, 124 S. W. (2d) 1035.

In the cited Cass case we. condemned the action of the court in forcing defendant to trial immediately after appointing counsel to defend him, and reversed the judgment of conviction under facts almost if not completely identical with those appearing in this case. The reasons advanced in condemnation of such precipitate enforcement of trial are all bottomed upon the fundamental principle that a trial of any kind, in any character of case, contemplates more than the mere traveling a prescribed route through the courthouse, and which additional contemplation, is, that the journey shall be made with all of the safeguards afforded by the law to insure as near as possible a fair investigation of the facts and whereby each side to the controversy may be afforded time and opportunity to present their cause and to develop the facts as they actually occurred. This is most emphatically true in the trial of criminal prosecutions. Measured by the standard so erected by the unanimous and unbroken declarations of all courts, including this one, it is clear that the court in this case committed prejudicial error in not postponing the trial of appellant to a future day, whereby immediately appointed counsel to defend him would have a chance to develop his case and present it in a manner and under circumstances necessary to assure fair investigation.

It was clearly not done in this case, and for which reason the judgment is reversed, with directions to set it aside, and for proceedings not inconsistent with this opinion.