## Luntz v. Commonwealth.

Sept. 23, 1941.

M. G. Colson for appellant.

Hubert Meredith, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Bill Luntz has been convicted of the crime of robbery, and sentenced to imprisonment in the state penitentiary for a term of ten years. He seeks a reversal of the judgment on a number of grounds, but principally argues in his brief that the court erred in refusing to continue the case or to appoint an attorney to represent him and in failing to give written instructions.

The record is very unsatisfactory, and it is difficult to ascertain from it just what transpired at the trial. Only the orders of the court appear, and these seem to be incomplete. There is no transcript of the evidence. It is stated in appellant's brief that the court failed to call the court reporter to take down the testimony, but a bystander's bill could have been prepared. The bill of exceptions consists of one typewritten page, and is not skillfully drawn, but it contains statements of what transpired at the trial which, if true, entitle the appellant to a reversal of the judgment. They must be accepted as true since the bill was signed and approved by the trial judge. The bill of exceptions reads in part:

"Be It Remembered, That on the call of this case for trial, the defendant announced not ready, because his attorney, M. G. Colson was ill and in the bed sick, and same known to the court. * * *

"The defendant had employed M. G. Colson, to defend him on said charge and that his said attorney was ill and in bed when said case was called for trial. * * *

"The court erred in refusing to pass the case until some future day of the term when his attorney could be present in court and defend him. * * *

"The court erred in failing to appoint counsel to defend him, and erred in failing and refusing to give the defendant time to employ other counsel to defend him. * * *"

The crime of which appellant is accused was committed February 26, 1941. He was indicted February 27, 1941, and the case was tried March 4, 1941. Appellant was entitled to be represented by counsel and to have reasonable opportunity to prepare his defense. The bill of exceptions discloses that his employed counsel was un-

able to be present at the trial on account of illness; that this fact was known to the court; and that appellant was not given an opportunity to employ other counsel. In Cass v. Commonwealth, 236 Ky. 462, 33 S. W. (2d) 332, the accused was indicted November 25 and the case was set for trial December 19. On the day the case was called for trial counsel was appointed to represent the accused, and on appeal to this court it was held that the trial court erred in refusing to grant a continuance because appointed counsel had not had sufficient time to investigate the facts of the case or otherwise prepare a defense. In Chenault v. Commonwealth, 282 Ky. 453, 138 S. W. (2d) 969, the accused was indicted on November 9, 1939, for murder. The crime was committed on October 28, 1939. The case was set for trial on November 10, 1939, and when it was called the defendant's employed counsel was absent. The court appointed two attorneys to represent the accused, and refused to postpone the trial until a later day in the term. The accused was convicted, and on appeal to this court the judgment was reversed because he had not been given reasonable time and opportunity to prepare his defense. In the course of the opinion it was said:

> "The foregoing statement presents the unqualified case of an indictment of one, charged with the highest degree of felony known to the law, and for which the accused may be called upon to forfeit his life, and which was committed only fifteen days before the return of the indictment, and the trial of which was forced upon him over his objections the next morning when previously employed counsel was absent without his fault and then and there appointed counsel were given no time whatever to familiarize themselves with the facts of the case. Without prior decisions as precedents it would seem that the situation imperatively required the granting of reasonable time within which appointed counsel might acquaint themselves with the facts sufficiently to present their client's cause in a way to assure him a fair trial, and to thereby uphold the dignity of the law in its constant and consistent declaration—as contained in our Constitution and opinions from this court—that one accused of crime is entitled to a fair trial."

In the present case the appellant's employed counsel was absent without his fault. According to the bill of exceptions, he was forced into trial without an opportunity

to employ other counsel and without the services of appointed counsel. Clearly, he was deprived of his constitutional right to be represented by counsel and did not have a fair and impartial trial.

The judgment is reversed, with directions to grant appellant a new trial.