# Miller v. Commonwealth.

Nov. 27, 1945.

Howe & Clay for appellant.

Eldon S. Dummit, Attorney General, and Emmet V. Mittlebeeler, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The grand jury of Montgomery county returned an indictment against Elliott Miller charging him with the crime of uttering a forged check, and on his trial he was convicted and his punishment fixed at confinement in the penitentiary for a term of two years. The principal ground relied upon by appellant for reversal of the judgment is the alleged error of the court in overruling his motion for a continuance made at the close of the evidence for the Commonwealth.

On April 5, 1944, Elliott Miller presented a check to William McClure in Mt. Sterling and asked him to cash it. The check was drawn on the Mt. Sterling National Bank, was for $10, and was payable to Johnny Johnson. The name of D. E. Murphy appeared on the

check as the maker. Murphy testified that he had not signed the check, and that the signature was a forgery. McClure refused to cash the check because he believed it was a forged instrument, and Miller left. A few minutes later he appeared at the place of business of Floyd Willis and asked him to cash the check. Willis refused, and stated that the check was incomplete because in the blank space for the amount only "10" appeared and no decimals. Miller said, "Wait a minute," went out and soon returned with the check, and said: "What about it now?" Willis testified that "two zeros had been added." In the meantime William McClure had notified the police, and they appeared at the Willis store and arrested Miller. Floyd Turpin, a police officer, asked Miller where he got the check, and he said he got it from a boy "down there," and pointed at a boy standing on the street. Turpin asked, "Who is that," and Miller said, "Johnny Johnson." The police officer arrested the boy and learned that he was Curtis Rose, a half-nephew of Miller. Curtis Rose was introduced by the Commonwealth as a witness at the trial, and testified in part as follows:

"Q. Had Miller given you any other checks? A. Della Maloney.

"Q. When? A. 27th of March.

"Q. The same year? A. Yes.

"Q. Here in Mt. Sterling? A. Yes.

"Q. What did he say? A. He said he wanted me to help him get it cashed.

"Q. Did he tell you where he got it? A. No.

"Q. Do you recall where that check was made out? A. No.

"Q. Where did you get this check cashed you are talking about? A. Schaffer's Dispensary.

"Q. Do you remember who cashed it for you? A. Oral Rice.

"Q. Do you remember whose name was signed to the check? A. No, I don't.

"Q. Refreshing your recollection was it D. E. Maloney? A. J. D. Maloney.

"Q. Was that the check he gave you to get cashed

at Oral Rice's or Boyd McCarty's? A. No, it was J. D. Maloney's at Oral Rice's.

"Q. I hand you a writing purporting to be a check and ask you to look at it and tell the jury whether it is the same check you referred to that Miller gave you to get cashed? A. The same one.

"Q. Read it? A. Five dollars, Exchange Bank of Kentucky, Pay to Johnny Johnson. J. D. Maloney."

On direct examination he testified as follows:

"Q. Mr. Howe brought up about the check that Miller gave you to get cashed at Oral Rice's, when you got the money who did you give it to? A. Elliott.

"Q. Did you get any part? A. No.

"Q. Would you have cashed it if you had known it was forged? A. No.

"Q. Did he tell you anything that would lead you to believe that it was forged? A. No."

There was no objection to this evidence.

At the close of the evidence offered by the Commonwealth the defendant moved the court for a directed verdict of acquittal, and the motion was overruled. Thereupon he moved for a continuance on the ground of surprise. The motion was made verbally, and set forth in substance (we quote from appellant's brief): " * * * that Curtis Rose had departed from testimony given on a previous hearing of this action—testifying in substance that Miller was connected with two other checks that were before the court upon other indictments—and that, if given time, the defendant could produce witnesses who would testify that Elliott Miller was not present in Montgomery County when the other two checks were uttered."

The court overruled the motion for a continuance, but instructed the jury not to consider any of the evidence with reference to a check purported to have been signed by J. D. Maloney. The indictment in this case, which was returned October 2, 1944, was against Elliott Miller and Curtis Rose jointly, and Miller moved for a severance which was granted. He was tried on October 4, 1944, and the jury were unable to agree. The trial at which he was convicted was held on April 23, 1945. It appears that Miller and Rose were tried on April 19, 1944, under another indictment charging them with forg-

ery, and Rose's testimony in that case was introduced by appellant in the present case for the purpose of contradicting him. In that testimony Rose referred to the $10 check dated April 5, 1944, and purportedly signed by D. E. Murphy, but the J. D. Maloney check was not mentioned. The evidence concerning the Maloney check, which it is insisted constituted surprise sufficient to authorize a continuance, was not a departure from, or contradictory of, any testimony theretofore given by Rose. Under the facts as they had been developed and in view of the defense made by appellant, the evidence was competent and admissible to show plan, system, and guilty knowledge. It was testimony in addition to that given by the witness on a former trial, and was such as should have been anticipated. Appellant relies upon Lowry v. Commonwealth, 119 Ky. 691, 63 S. W. 977, where a continuance was asked for on the ground of surprise. In that case there had been two mistrials, and the witness William Lowry was introduced for the first time at the third trial of the case and he testified concerning a damaging statement, amounting to a confession of guilt, made to him by the accused. A motion for a continuance was filed, and in support thereof the defendant's affidavit setting out the name of a witness who would testify concerning a statement of the witness William Lowry contradictory of his testimony. It was held that under the facts of the case the accused could not have been reasonably expected to be prepared to contradict the statement attributed to him by the new witness. The evidence in the present case of which complaint is made was not of such nature as to constitute surprise entitling the accused to a continuance, but if it had measured up to that standard the court would not have been authorized to sustain the motion for a continuance in the absence of an affidavit setting forth the names of the witnesses whose presence could be obtained within a reasonable time and what their testimony would be. Eaton v. Commonwealth, 230 Ky. 250, 19 S. W. 2d 218; Patterson v. Commonwealth, 252 Ky. 285, 66 S. W. 2d 513; Walker v. Commonwealth, 257 Ky. 613, 78 S. W. 2d 754.

The only other ground assigned for reversal of the judgment is that the verdict is against the evidence. The foregoing recitation of facts demonstrates that the evidence was amply sufficient to sustain the verdict.

The judgment is affirmed.