## ISAACS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 12, 1951.

Drake & Howard and Virgil Fowler, all of Lexington, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

On October 9, 1950, appellant, Claude Isaacs, was indicted for the offense of Maliciously Striking and Wounding Jeanette Lunsford with Intent to Kill. Appellant was tried on October 11, 1950, and convicted of Assault and Battery. He has filed a transcript of the record in this Court with a motion for appeal.

Appellant seeks a reversal of his conviction contending that the court committed reversible error in overruling his motion for continuance. The reasons assigned were that the indictment was returned against him on October 9, 1950, and that the case was set for trial on October 11, 1950; that he was not ready for trial because he had not had an opportunity to prepare his defense, to consult with his attorneys, or to subpoena witnesses in his behalf.

■ We fully appreciate the importance as well as the necessity for prompt hearing and disposal of criminal cases. However, the "time of trial" of a defendant is regulated by Section 185 of our Criminal Code of Practice, which provides: "If the defendant be in custody, or on bail, when the indictment is found, or be summoned or arrested three days before the time fixed for the trial, the trial may take place at the same term of the court, at a time to be fixed by the court."

This provision of our Code has been interpreted to mandatorily require that defendant shall have as much as three days after his first apprehension for preparation before the Commonwealth can demand or enforce a trial of the indictment over his objections. Dean v. Commonwealth, 234 Ky. 308, 28 S.W.2d 11; Breeding v. Commonwealth, 190 Ky. 207, 227 S.W. 151.

■ Appellant allegedly committed the offense on September 4, 1950. The date that appellant was first apprehended cannot be determined from the record. There is one curt statement in the evidence that appellant had an examining trial. We cannot ascertain from it the date the examining court had its investigating proceedings, nor are we advised concerning what disposition was made by the examining court as to whether appellant was discharged, held in custody, or released on bail. Therefore, under the state of the record we must conclude that the indictment initiated the present prosecution. If this be true, appellant

was forced into trial within three days after indictment. It follows that the court erred in overruling his motion for continuance and forcing him into trial within three days after the finding of the indictment against him.

Wherefore the motion for an appeal is sustained; the appeal is granted, and the judgment is reversed with directions to grant appellant a new trial.