**Earl GOODHUE and Bobby Miller, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 2, 1967.

Glay E. Maggard, Munfordville, for appellants.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

Appellants were convicted of aiding and abetting one Henry Jewell in the commission of the crime of uttering a forged check for over $20, defined and penalized by KRS 434.130.

It is argued on appeal on behalf of Goodhue that there was not sufficient evidence, other than that of an accomplice, to convict him and that the court erred in refusing to instruct the jury to find him not guilty. RCr 9.62 is relied upon.

Miller insists he was "20 miles" from the scene of the crime; that the essential elements of the crime of aiding and abetting another in the commission of the crime not having been established, he was entitled to a directed verdict of acquittal.

The indictment charged the defendants, Earl Goodhue, Bobby Miller, and Henry Jewell, with forging a check for $27.50 dated September 7, 1965, drawn on the account of Junior Vance; and in count two it charged them with uttering said forged check. The case was tried only as to Goodhue and Miller. Jewell testified for the Commonwealth. Admittedly, Jewell was an accomplice.

During a period of about three weeks, "ten or fifteen" checks were issued bearing the forged signature of Junior Vance. A number of these checks were introduced in evidence. Jewell testified he and appellants collaborated in forging and uttering these checks; that he endorsed his name on the back of the checks and either Goodhue or Miller filled in and forged the name of the drawer on each of them because he, Jewell, could write his name only. Jewell worked for Vance as a farmhand, and the checks showed they were in payment of his work.

We examine the evidence to determine whether there was sufficient evidence, other than that of the accomplice Jewell, to convict Goodhue.

Mrs. Ralph Atwell testified she cashed the check for Jewell and that no one was with him at the time.

Goodhue testified he had been "riding around" with Jewell, Miller, and Ed Horton, but he denied any participation in the crime. There was no other evidence "tending to connect" Goodhue with the crime. It is concluded the trial court erred in overruling Goodhue's motion for a directed verdict of acquittal. Cf. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861.

Miller would be in the same posture as Goodhue but for his outburst at the examining trial when Jewell was testifying. According to the evidence of the county judge who conducted the examining trial, Miller volunteered the statement in open

court that he "wrote" or forged seven of the series of checks. This amounted to sufficient corroboration of the evidence of the accomplice to support the verdict as to Miller. Miller v. Commonwealth, 301 Ky. 66, 190 S.W.2d 864 and Jones v. Commonwealth, 303 Ky. 666, 198 S.W.2d 969.

Goodhue may have been equally guilty with Miller, and it may be said that equal justice has not been rendered in this case. But criminal rules must be invoked uniformly. Running through all criminal proceedings is the inviolate presumption of innocence which requires the Commonwealth to establish by competent evidence beyond a reasonable doubt the essential elements of the crime charged. This court, being limited to a review of the competent evidence offered, will not indulge in speculation or give more weight to the evidence of an accomplice than RCr 9.62 envisions.

The judgment is affirmed as to Miller and reversed as to Goodhue with directions to grant him a new trial.

All concur.