**Ronnie Earl DAVIS, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

Oct. 1, 1976.

Rehearing Denied Jan. 28, 1977.

Edward C. Airhart, Schaefer & Airhart, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

On the late evening and night of February 15–16, 1974, Ronnie Earl Davis, the appellant, picked up a 16-year-old girl in Jefferson County and transported her into Bullitt County, where they had sexual intercourse. She claims that she was abducted against her will and was raped. He claims that she went with him willingly and consented to the intercourse.

Davis was indicted in Jefferson County for detaining a woman against her will (KRS 435.110) and for armed robbery (KRS 433.140), and was indicted in Bullitt County for rape (KRS 435.090), carnal knowledge, KRS 435.100(c), and detaining a woman

against her will (KRS 435.110).[1] He was first tried on the Jefferson County charges and was acquitted. He was then tried on the Bullitt County charges and was convicted only of carnal knowledge, for which he was sentenced to 10 years' imprisonment (the maximum penalty for that offense). He appeals the Bullitt County conviction, claiming among other things double jeopardy.

The double jeopardy point is based on the theory that the offenses of carnal knowledge and detaining a woman against her will are both lesser included offenses within the offense of forcible rape, hence an acquittal on any one must be an acquittal on all.

█ It is true that each of these two lesser offenses is included within the greater offense of forcible rape. *Fenston v. Commonwealth,* 82 Ky. 549 (1885), so held with respect to carnal knowledge, and *Meade v. Commonwealth,* 214 Ky. 88, 282 S.W. 781 (1926), so held with respect to detaining a woman against her will. Nevertheless, though each is embraced within forcible rape, neither of these two lesser offenses is embraced within the other. As a matter of fact, they are mutually exclusive. Hence a trial on one of them alone does not expose the defendant to conviction of the other, or to conviction on any component of the other (as, for example, assault would be a degree of detaining).

Laying aside the possible argument that what may have begun with consent in Jefferson County could have culminated in something without consent in Bullitt County, or vice versa, let it be assumed that Davis' acquittal of the detaining charge in Jefferson County was a bar to the detaining and forcible rape charges in Bullitt County. He was acquitted of them anyway, leaving for consideration only the question of whether the Jefferson County prosecution and acquittal were a bar also to his trial in Bullitt County on the charge of carnal knowledge.

█ Force is a necessary element of common-law rape. So is the act of intercourse. Hence in the course of consummating a forcible rape one must necessarily (1) assault and detain a woman against her will and (2) have carnal knowledge of her. Conversely, force is not a necessary element of carnal knowledge. A trial on the charge of detaining a woman against her will does not involve any element necessary to conviction of carnal knowledge. Therefore, it is our opinion that even though the evidence at the two trials may have been the same, the first trial on the charge of detaining the girl against her will was not a bar to the subsequent trial on the charge of having simple intercourse with her. The cases holding that a trial on any degree of a crime bars a conviction on any other degree are not applicable.

The linchpin of the appellant's argument on the jeopardy proposition is that *Meade v. Commonwealth,* 214 Ky. 88, 282 S.W. 781 (1926), held detaining a woman against her will to be a lesser degree of carnal knowledge. We do not so construe the *Meade* case. The defendant had been indicted for attempted rape, and his conviction was reversed on the grounds that he was entitled to instructions on simple assault and detaining a woman against her will, both of which offenses were held to be included within attempted rape. The opinion has a peculiar twist, however, in its treatment of the court's earlier opinion in *Head v. Commonwealth,* 174 Ky. 841, 192 S.W. 861 (1917), written by the same author. The *Head* opinion correctly held that detaining a woman against her will was not a lesser degree of carnal knowledge, but in so doing relied on *Lowry v. Commonwealth,* 119 Ky. 691, 63 S.W. 977, 23 R 1240 (1901), which had held (incorrectly) that detaining a woman against her will was not a degree of forcible rape. In overruling *Lowry, Meade* also damns *Head,* but its thrust was directed at *Head's* reliance upon *Lowry,* as clearly indicated by the following passage in *Meade* (emphasis added):

---

1. All of these statutes have been superseded by the Kentucky Penal Code, effective Jan. 1, 1975.

"We therefore see no escape from the conclusion that we were in error when we held in the *Lowry* case and the *Head* case and the others following and based upon it, that the statutory offense of detaining a woman against her will was not a degree of *the common-law one of rape,* and those cases are hereby overruled," etc. 282 S.W. at p. 785.

Thus it is not necessary to overrule *Meade* in order to reach the result upon which we have decided in this case. We do not perceive that the issue, or any issue, tried in Jefferson County was relitigated under the carnal knowledge issue in Bullitt County. They were relitigated under the rape charge, and probably under the detaining charge as well, but as heretofore mentioned, the latter two charges resulted in acquittals.

■ It is further contended that even if it be held that his trial on the charge of carnal knowledge did not subject Davis to double jeopardy, he was nonetheless unfairly prejudiced and denied due process of law in violation of the federal Constitution by reason of being simultaneously tried on the rape and detaining charges. We acknowledge that his acquittal of these charges does not necessarily mean they did not have a prejudicial effect on his defense against the charge on which he was found guilty. However, the situation is much the same as when a defendant indicted for murder and convicted of manslaughter complains that the instruction on murder was not supported by sufficient evidence and should not have been given. In such instances it has been uniformly held by this court that the error, if any, was not prejudicial. See cases collected in West's Kentucky Digest, *Homicide,* ⟺340(4).

The judgment is affirmed.

All concur.