# FRANK WISWELL v. STATE.

No. A-2455.    Opinion Filed July 11, 1918.

(173 Pac. 662.)

1. **COURTS—County Stenographer—Mandatory Statute.** Section 2, c. 161, Sess. Laws 1913, changes the law providing for the appointment of a county stenographer so that the appointment is made by the court clerk upon the approval of the county court, and is confirmed by the county commissioners. The law is mandatory, and the proper administration of justice demands prompt compliance upon the part of the public officers charged with action in the premises.

2. **TRIAL—Stenographer—Right to Transcript of Testimony.** A person charged with violating a penal statute in this jurisdiction is entitled to have the testimony and all proceedings had in a trial before a court of record taken in shorthand by a court reporter, and upon proper and lawful demand is entitled to have a transcript of the same for the purpose of taking an appeal by case-made. If this right is denied and a conviction results, a new trial will be awarded upon appeal.

*Appeal from County Court, Sequoyah County;*

*J. G. McCombs, Judge.*

Frank Wiswell was convicted of assault and battery, and he appeals. Reversed, and cause remanded, with direction to grant a new trial.

*Frye & Frye* and *Joe B. Allen,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Frank Wiswell, was convicted at the January, 1915, term of the county court of Sequoyah county on a charge of assault and battery, and his punishment fixed at a fine of $50.

It is necessary to consider only the first assignment of error discussed in the brief, which is, in effect, that the

court committed prejudicial error in forcing the accused into trial without having first provided for taking the testimony offered at the trial by a court reporter, proper demand having been made that this be done. The court denied the request, and gave as his reason that the county had not provided a court reporter as authorized by law. Section 1833, Rev. Laws 1910, contained authority for the county court to appoint a shorthand reporter, to be known as county stenographer, for the use of the county court. The Legislature, however, in the year 1913, passed an act depriving the county court of the authority to appoint a stenographer, and gave that power to the court clerk by section 2, c. 161, Sess. Laws 1913, which is as follows:

"The court clerk shall have the power to appoint one, or more deputy court clerks by and with the consent and approval of the board of county commissioners; one of said deputies shall be a competent stenographer, whose appointment shall be first approved by the county judge, and who shall possess the same qualifications in the art of stenography as is now required by law of such officer in the district court."

Counsel for the state contend that the passage of this act and the deprivation of the county court of the power to appoint a court stenographer for the use of the court also deprive a person charged with crime of the right to have the proceedings taken in shorthand and transcribed in the form of a case-made, as provided by section 1834, Rev. Laws 1910. This section reads as follows:

"It shall be the duty of the county stenographer under the direction of the county judge, to take down in shorthand the oral testimony of witnesses, the rulings of the court, the objections made, and the exceptions taken

during the trial of all civil and criminal cases, and also such other matters as the court shall order, and in all criminal cases to make out and file with the judge or clerk of the county court a transcript of his shorthand notes, when the same shall have been ordered by the court."

We do not find where this statute has, by any subsequent act of the Legislature, been repealed. Section 1821, Rev. Laws 1910, provides as follows:

"For the trial of all civil and criminal cases in the county court the pleadings, practice and procedure, both before and after judgment, shall be the same as that of the district court, except where special statutory proceedings are prescribed."

This statute does not seem to have been repealed. The question presented for consideration resolves itself into the proposition of whether or not it is the mandatory duty of the court clerk to appoint a deputy possessed of the qualifications provided by statute, and whether or not it is the mandatory duty of the county commissioners to approve the appointment and provide for the pay thereof upon the proper approval of the county judge of the personal qualifications of such deputy, and, in addition, whether or not the accused is entitled to have the proceedings taken in shorthand and properly transcribed for use upon appeal. Under the holding of this court prior to the adoption of the statute in question, and in view of the wording of the various statutes bearing upon the proposition, there is no doubt but that it is the mandatory duty of the court clerk to make the appointment of a deputy who possesses the qualifications described in the statute, *supra,* and as much the duty of the county commissioners to approve the same when the judge shall have given his assent to the appointment.

It is evident that the purpose of the statute in requiring the approval of the county court is to secure the services of an efficient and satisfactory county stenographer, in order that the rights of the individual citizen who may be brought before the county court for trial, as well as the rights of the public, shall be duly safeguarded. The wording of these sections of the statute and the clear intent and purpose of them is to change the status of the court reporter only in that he is appointed by the court clerk and can be used by him for work in his office at such times as he is not engaged in actual service under the orders of the county court as court stenographer. The rights of the public and the rights of individuals who have business in the court are not changed in any manner. It therefore follows that the accused is entitled to a stenographic report of all proceedings had in the trial. The failure of the clerk to make this appointment, so that the stenographer shall be available when a criminal case is to be tried, works a hardship only upon the taxpayers of the county in the event the attorney for any person brought before the court for trial properly preserves the record, so that the exceptions based upon the proposition may be presented on appeal.

The doctrine that a person charged with the violation of a penal statute has a right to a record of the proceedings taken in shorthand and transcribed by a court reporter for use on appeal has long been established in this jurisdiction, and cannot be taken away by the failure of a public officer to perform his plain duty. The duty of the officers under the statute here is so palpably clear that there is hardly an opportunity for any misunderstanding.

The request of the accused to have the proceedings taken by an official reporter and transcribed for use upon

appeal having been denied, there is no alternative left to this court but to reverse the judgment and remand the case, with directions that a new trial be granted at the public expense.

This is the first time this question has been raised in this court, and we trust that it will not be necessary for · it to be raised again. The duty of public officers to take proper action in this connection is so plain and the consequences resulting from a failure to perform them are so serious that it will only be necessary for the various county atorneys to call the attention of the court clerk to them in order that this condition will not again arise.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.

DOYLE, P. J., and MATSON, J., concur.