# Nelson v. Commonwealth.

Nov. 3, 1943.

J. C. Bird for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This appeal is from a conviction of murder and sentence of death.

The appellant, Ray Nelson, was tried at a special term of the McCreary circuit court, and the jurisdiction of the court to try the case is questioned because, as claimed by appellant, the order and notice calling the special term did not give the style of this case as one of the cases to be tried. The method of selecting the jury also is questioned, but the only ground relied on for reversal of the judgment which we deem worthy of con-

sideration is the alleged error of the court in overruling the defendant's motion for a continuance.

The accused was indicted jointly with three others for the murder of Anderson Barnett. The indictment charged that Ray Nelson, John Lewis New, James Chester Inman, and Pascal Foust conspired to rob Anderson Barnett, and in pursuance of the conspiracy and while it existed went to the home and storehouse of Barnett and shot and killed him during an attempted robbery. Nelson was charged with the actual shooting and the others with aiding and abetting him. Appellant was 18 years of age when the indictment was returned. The crime was committed on May 30, 1943, and appellant and his three associates were arrested on the same day and placed in the McCreary county jail, where they remained until the day of the trial. The indictment was returned about 2 p. m. on Monday, June 14, 1943, the accused were arraigned and entered a plea of not guilty, and the case was set for trial on Wednesday, June 16, 1943. Appellant employed an attorney on the day the indictment was returned. On the day the case was set for trial the defendants New, Inman, and Foust moved for separate trials, the court granted a severance, and the Commonwealth elected to try Nelson. He filed a motion for a continuance until the next regular term of the court in August, and the motion was overruled. In support of his motion he filed his own affidavit and the affidavit of his attorney. In his affidavit he stated that he "was arrested on the morning of May 30, 1943, being the same morning of the alleged offense for which he is indicted; that he was immediately incarcerated in the jail of McCreary County where he has been continuously confined from said time until the present time; that in the meantime there was no examination of the crime with which he was and is charged until an examination and investigation of same by the grand jury of McCreary County on Monday, June 14, 1943; that the grand jury of McCreary County on Monday, June 14, 1943, about the hour of 2 o'clock P. M., returned into open court the indictment herein; that the court immediately thereafter set the case for trial on Wednesday, June 16, 1943, thereby giving this defendant approximately 44 hours to prepare for trial, which time included two nights." The attorney in his affidavit, after setting out the facts contained in his client's affidavit, stated that public sentiment in McCreary county was so prejudiced against de-

fendant and those indicted with him that it was impossible for him to have a fair and impartial trial at that time even with a jury from another county. The attorney's affidavit concluded: "The time between the returning of the indictment herein and the time set for the trial of this case is not sufficient time for an attorney to prepare this case or any case of such importance for trial with justice to his client." The following is the bare, stark outline of subsequent proceedings as disclosed by the clerk's transcript:

"No evidence, whatever, was introduced by either side, and the following was all the proceedings had upon the said trial, to-wit:

"After the jury had been empanelled and sworn to try the case, Hon. J. C. Bird, attorney for the defendant, entered a plea of not guilty and waived the arraignment of the defendant.

"Whereupon, Honorable Guy Dickenson, Attorney for the Commonwealth, read the indictment to the jury. At this point Honorable J. C. Bird, Attorney for the defendant, stated to the court and jury as follows:

" 'The defendant, Ray Nelson, now wishes to withdraw his plea of not guilty and enter a plea of guilty, and throw himself on the mercy of the court and jury.' "

The court then asked the defendant: "What is your plea?" and he answered: "Guilty." The court then instructed the jury to find the defendant guilty and to fix his punishment at death or by confinement in the state penitentiary for life in their discretion. The jury retired and later returned a verdict finding the defendant guilty and fixing his punishment at death.

The constitutional right of one charged with the commission of a crime to be represented by counsel necessarily includes time for adequate preparation. The right to be represented by counsel would amount to nothing if counsel for the accused is not allowed reasonable time to prepare his defense. Adequate preparation by an attorney employed by one charged with a crime includes full consultation with his client, interviews with prospective witnesses, study of the facts and the law applicable thereto, and the determination of the character of defense to be made and the policy to be followed during the trial. As said in McDaniel v. Commonwealth,

181 Ky. 766, 205 S. W. 915, 920: "* * * especially is some reasonable time for study and preparation required of an attorney who assumes the burden of representing an accused who is charged with a capital offense and whose life may be the penalty of any mistake or want of information on the part of his counsel. An attorney is never called on to perform a more serious or solemn or difficult duty than when he undertakes to defend an accused who is charged with a capital crime, and * * * no attorney, however capable or experienced he may be, can go into the trial of a capital case within a few hours after he has been first employed, and give to that case the skill and ability the accused is entitled to have at his hands."

We have frequently said that while it is important that a trial of a criminal prosecution should be had as speedily as possible, yet "it is more important that the trial should be fair than that it should be speedy." Samuels v. Commonwealth, 154 Ky. 758, 159 S. W. 575, 578. Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. In Allen v. Commonwealth, 168 Ky. 325, 182 S. W. 176, 180, Elihu Allen was indicted for the murder of Grover Blanton. The killing occurred on August 7, the indictment was returned on Monday, August 16, and the trial was set for and commenced on Thursday, August 19. The defendant was convicted, and his punishment fixed at imprisonment for life. The judgment was reversed principally on the ground that the trial court erred in refusing to grant a continuance. In the course of the opinion it was said:

"It is not of course indispensable when a motion for a continuance is made that the case should be continued until the next term of the court, or for any certain time. All that is required is that the accused and his counsel shall have such time as the nature of the case and the circumstances surrounding it appears to be necessary to enable them to prepare for trial. A postponement for a few days may answer this purpose, or if need be a special term may be called, and with the numerous circuit districts in the state there is no reason why the trial of any case should be unreasonably delayed.

"But when a man stands charged with a capital offense, and may, in the discretion of the jury, be de-

prived of his life or his liberty forever, it is of the highest importance that he should have such time and opportunity to make his defense as the grave nature of the accusation and its consequences demand, and under the unusual conditions shown by the record we do not think that the appellant was given this time and opportunity. It is true he had employed counsel to defend him, and it does not appear that any witness whose evidence he desired was absent from the trial. But the mere presence of witnesses and the services of counsel is only a part of the preparation needed in important cases. The accused may in some cases have every witness that he needed in the courthouse and be represented by able counsel, and yet not have the time for the preparation that he should be allowed in order to propertly present his defense.

"In the case we have, three days after the indictment and ten days after the commission of the crime charged, the accused was put upon his trial, and it might be said that there were only two days intervening between the finding of the indictment on Monday and the beginning of the trial on the following Thursday morning. During all this time he was lodged in jail, and we think did not have the time for preparation that the law in reason gives. This court has in many cases emphasized its purpose not to permit technical errors to interfere with the execution of judgments rendered after a fair trial, and has time and again said that it would not reverse cases unless it appeared that the substantial rights of the accused were prejudiced by some ruling of the trial court. But we have also condemned in equally emphatic terms the disposition sometimes brought to our attention of trial courts to hurry the accused into the trial of a capital case without giving him reasonable time for preparation."

In the case before us only one day intervened between the finding of the indictment on Monday and the beginning of the trial on the following Wednesday. The names of sixteen witnesses were indorsed on the back of the indictment. It would have been impossible for the attorney to see and interview all of these witnesses within the time allotted.

It is argued for the Commonwealth that the appellant entered a plea of guilty and took his chances and should not now be heard to complain. He entered the plea after his motion for a continuance had been over-

ruled and his attorney was confronted suddenly with the necessity of making a decision. Had he been given more time to prepare his client's defense and study the case, his decision might have been different. Zeal to bring to prompt and proper punishment one guilty of so serious a crime as that charged in the present case must not be allowed to break down the constitutional guaranty of the right to counsel which includes the right to a reasonable time for counsel to prepare his client's defense. Under section 11 of our Constitution a person charged with a crime is given the right to be heard by himself and counsel, and as that section has been construed by this court it is the duty of the trial court to give the counsel employed by the accused, or appointed by the court, reasonable time and opportunity to investigate and become acquainted with the facts, to confer with the accused, to learn what is his defense, and to prepare and present it. Under the facts of this case, we think the appellant was denied this right.

The judgment is reversed with directions to grant appellant a new trial.