## CROWDER v. SPEARS et al.

Court of Appeals of Kentucky.

May 23, 1952.

G. D. Milliken, Jr., Bowling Green, for appellant.

A. Bethel Crow, Franklin, for appellees.

STANLEY, Commissioner.

The judgment is for $800 for farm supplies and services. The case has been resolved on the appeal to two questions. The appellant's present counsel did not represent him in the trial court.

One question is whether it was error to overrule the defendant's motion that the evidence be taken and transcribed by an official reporter. KRS 28.430. The Bill of Exceptions recites that after the jury had been sworn, the defendant "then moved that an official stenographic reporter" be appointed to report the testimony; that "no such reporter was available, and the case proceeded to trial without an official reporter." It may be that the statute contemplates that an official reporter shall be available when needed and that a party is entitled to his services upon meeting the conditions prescribed. But if none is available, the party may preserve the record of testimony by a narrative bill. Here the defendant made no objection to proceeding with the trial and did not tender a narrative bill of evidence. It is apparent, therefore, that the appellant is now in no position to complain.

The other question is whether it was error not to postpone the trial or permit the reading of affidavits filed by the defendant. There is no record that the defendant moved for a continuance. There is an order showing his motion to file certain affidavits was overruled. Another order entered two days after judgment recites that the defendant's attorney "tendered affidavit of or for continuance or to read

as evidence in the above styled action." This affidavit of the attorney merely states "if it were possible for" three different persons "to appear in this court" as witnesses for the defendant, they would testify to certain things. This is the entire record on the point. If the ineptness of the procedure be overlooked or extreme liberality be indulged, still it was not revealed that any subpoena for these witnesses was ever sought, or any diligence to obtain their presence was exercised. The affiant did not say that the testimony was material or true or believed to be true, which statements are essential conditions to granting a continuance or admitting same. Sec. 315, Civil Code of Practice. See North River Ins. Co. v. Dyche, 163 Ky. 271, 173 S.W. 784; Harlan-Central Coal Co. v. Gross, 298 Ky. 540, 183 S.W.2d 550.

The judgment is affirmed