Maurice **RAISOR**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1955.

As Extended on Denial of Rehearing

May 13, 1955.

Alfred W. Minish, Carrollton, for appellant.

J. D. Buckman, Jr., Atty. Gen., Earle V. Powell, Asst. Atty. Gen., Harlan Heilman, Com.'s Atty., Carrollton, for appellee.

MILLIKEN, Justice.

The appellant was convicted of grand larceny and sentenced to four years in the penitentiary. He had been jointly indicted with another person for the theft on June 25, 1954, in Carroll County, of a wrist watch, kodak, a Coca-Cola cooler and other personalty which was the property of named persons. While the indictment did not conform in detail with the niceties of Kentucky case law on the subject, it, nevertheless, adequately notified the appellant of the time, place and property involved and specifically charged him with "Grand Larceny", a crime defined by statute. KRS 433.220. It not only adequately notified appellant of the offense charged, but it clearly did not mislead him, and hence was sufficient. Smith v. Commonwealth, Ky., 263 S.W.2d 929.

A more serious ground for reversal is presented by the failure of the trial court to grant a continuance. The appellant was out on bond from the date of his arrest on June 25, 1954, until his indictment on August 24 following. On the latter date he appeared in court in Carrollton, stated that he had employed a lawyer in a neighboring county and was ready for trial, whereupon his case was set for trial the following Monday morning, August 30, at 9:00 a. m. On Monday morning the lawyer appeared in court, stated that he was not ready for trial, had not actually been employed, and requested a continuance for his putative client. The appellant admitted that he had not completed the employment of this lawyer. The court refused the continuance, appointed Mr. Minish of the Carroll County bar to defend the appellant, and set the case for trial at 1:00 p. m. that day.

We find the facts of this case distinguishable from those cited in the Commonwealth's brief. In Holland v. Com., 241 Ky.

813, 45 S.W.2d 476, the appellant stated at his arraignment he would secure counsel and be ready for trial, but on the date of trial he appeared without counsel and no evidence of any kind indicated that he had attempted to get counsel or had communicated with one. In Howard v. Com., 240 Ky. 307, 42 S.W.2d 335, the appellant was indicted two weeks before the date of his trial, the lawyer he wanted was busy in another circuit and could not defend him, but other counsel which he employed did a very creditable job, and this court said it was not error for the trial court to refuse a continuance on the facts of that case. In Sebree v. Com., 260 Ky. 526, 86 S.W.2d 282, the appellant was in jail before his trial and he alleged this fact hampered preparation of his defense, but his chosen lawyer was in court at his arraignment and had interviewed him in the jail, so this court refused to overrule the trial court's refusal to grant a continuance in the circumstances. In the case at bar, the appellant had sought to employ counsel, that counsel refused employment but appeared in court to say so, and other counsel was appointed to prepare appellant's defense without giving him sufficient time to do it. In other words, in the case at bar there is evidence tending to show the appellant used diligence but failed in securing the counsel of his choice.

While we appreciate the fact that the appellant misled the trial court by declaring he was ready for trial and had employed counsel to represent him, and may even have done so with the intention of causing a continuance until the next term of court, we cannot feel assured that such was the case by the narrative record on which this appeal was submitted. As it is, we find the appellant confronted with a trial for grand larceny no more than four hours after a busy lawyer had been appointed by the court to defend him. We do not believe this was sufficient time for counsel to interview his client and familiarize himself with the law and facts of this case. Fugate v. Commonwealth, 254 Ky. 663, 72 S.W.2d 47; Chenault v. Commonwealth, 282 Ky. 453, 138 S.W.2d 969. In

fact, this court said in Nelson v. Commonwealth, 295 Ky. 641, 175 S.W.2d 132, 133: "The constitutional right of one charged with the commission of a crime to be represented by counsel necessarily includes time for adequate preparation. The right to be represented by counsel would amount to nothing if counsel for the accused is not allowed reasonable time to prepare his defense."

The judgment is reversed.