William (Billy) WOOSLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1955.

M. J. Hennessey, Augusta, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

William Woosley was convicted of maliciously cutting and wounding James Bonfield with intent to kill, and sentenced to prison for 15 years. Reversal of the judgment is urged upon the grounds that (1) the trial court erred in refusing to instruct the jury on abandonment of the affray in connection with Woosley's alleged self-defense; (2) counsel appointed by the court to defend Woosley should have been granted a continuance for a reasonable time to afford him an opportunity to prepare the defense; and (3) the Commonwealth's Attorney committed prejudicial error in telling the jury it could consider the question of parole in determining penalty.

We think Woosley's second contention is well taken. However, it is necessary that we pass upon the first ground urged for reversal in the event there be another trial of the cause. As is usual in such cases, there is sharp conflict in the evidence for the Commonwealth and that for the accused.

The evidence for the Commonwealth showed that Woosley and his friend, Virgil Haley, with whom he had ridden to town, encountered Bonfield and Harold Burton, an employee of Bonfield, and another person as they were unloading horses from a truck at a farm. Both Woosley and Haley had knives in their hands and were cursing Bonfield, saying they were going "to give him what was coming to him." Bonfield ran to a barn on an adjoining farm. He was pursued by Woosley, who continued down the road beyond a gate leading to the barnyard. Meanwhile Haley followed Bonfield to the barn and a scuffle between them ensued. Bonfield had Haley on the ground when Woosley appeared at the gate. Burton was told by Bonfield to keep Woosley off. Burton began throwing rocks at Woosley, but Woosley did not stop. Bonfield released Haley upon a promise that he would leave the premises. However, Haley started hollering and jumped on Bonfield's back and called for Woosley to cut him. Woosley then cut Bonfield about the head and face. Bonfield was hospitalized for eight days.

Woosley's version of the difficulty is that he had been told that Bonfield did not want him to visit his poolroom any more. He approached Bonfield in order to learn the reason for his attitude. Bonfield was unloading horses from a truck when Woosley encountered him. When he asked Bonfield about what he had said, Bonfield picked up an iron draw-bar and started toward him. Woosley drew his knife to defend himself. Bonfield started down the road with Woosley following him and calling that he only wanted to talk with Bonfield. When Woosley passed the gate to the farm where Bonfield had gone, Bonfield began throwing rocks at him so he went on down the road. When Woosley saw Haley stop his car at the gate he came up on the road and then saw Haley on the ground with Bonfield on top of him. When Woosley started through the gate he was hit by a rock thrown by Burton. He pulled Bonfield off of Haley and started Haley toward his car. Woosley then told Bonfield not to bother Haley any more and started walking away. Bonfield called Woosley a son of a bitch and started at him with a two by four club. One swing of the club knocked off Woosley's hat. Woosley ducked, and came up with his knife and cut Bonfield four or five times. Woosley and Haley put Bonfield in Haley's car and took him to a doctor.

The encounter took place on June 29, 1954, while court was in session, and Woosley was indicted the next day. The trial was set for November 10th and Woosley was released on bond. When Woosley failed to appear on the day set for trial, a bench warrant was issued for him and he was brought into court on the afternoon of November 10th. Since the jury had been dismissed the trial was re-set for the next day, November 11th. Woosley appeared in court on November 11th and asked the judge to appoint counsel to represent him. This request was granted and the attorney moved for a continuance on the ground that he had no knowledge of Woosley's case and did not know his witnesses or the nature of his defense. The record contains the counsel's affidavit setting forth these facts. There is also an affidavit of Woosley stating that he had been without funds since his indictment and that he had not approached any attorney concerning his case. There is contained also in the record a statement by the trial judge that he told Woosley's counsel he was "not appointed to secure a continuance but to try the case." The case went to trial 30 minutes after the appointment of Woosley's counsel.

■ The usual self-defense instruction was given. Woosley contends, however, that he was entitled to a self-defense instruction which would take cognizance of his abandonment of the affray, and thereafter was acting in his own self-defense when the cutting occurred. We fail to see how the question of who was the original aggressor enters into the question of the self-defense instruction. The jury had before it the Commonwealth's version of the affray which placed Woosley as the aggressor from the time of the first encounter until Bonfield was cut. It had before it also Woosley's version showing that he had abandoned the affray when he pulled Bonfield off of Haley and that he did not cut Bonfield until after the latter had struck at him with a piece of two by four. We think the self-defense instruction given by the trial court covered the case adequately.

■ Section 188 of the Criminal Code of Practice sets forth that a continuance may be granted upon sufficient cause shown by either party. We have said on many occasions that what constitutes sufficient cause is a matter within the sound discretion of the trial court. However, that discretion is reviewable by this Court. Here we have more than a bare question of a continuance. Actually it goes to the basic right of a fair trial. Not only is an accused entitled to representation by counsel, but also he and his counsel are entitled to a reasonable time for the preparation of his case. In recent cases we have pointed out that representation by counsel would amount to nothing if the counsel was not allowed a reasonable time to prepare his case. Raisor v. Commonwealth, Ky., 278 S.W.2d 635, and Nelson v. Commonwealth, 295 Ky. 641, 175 S.W.2d 132. We think there was a clear abuse of discretion on the part of the trial court in requiring Woosley's counsel to proceed with his case 30 minutes after he was appointed.

The attention of the Commonwealth's Attorney is directed to the case of Broyles v. Commonwealth, Ky., 267 S.W.2d 73, relative to comments before a jury on a question of parole.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.