J. Malcolm NUGENT, Appellant,

v.

Elizabeth J. NUGENT'S ADMINISTRATOR
(Peoples Liberty Bank & Trust Company) et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1956.

Andrew W. Duncan, Louisville, for appellant.

Orie S. Ware, Bert J. King, W. Baxter Harrison, Covington, for appellees.

HOGG, Judge.

This action was brought in the Kenton Circuit Court on October 16, 1950, by the Peoples Liberty Bank & Trust Company, as the administrator of the estate of Elizabeth J. Nugent, who died intestate, against

the three sons of the decedent, the wife of one of the sons, and a creditor of the estate of the decedent, seeking a final settlement of the estate through an adjudication of all claims and advancements. The case was referred to a master commissioner, and on June 24, 1954, the court entered judgment in accordance with the report of the commissioner.

From an order overruling a motion to amend the judgment and to reopen the case to take additional evidence, the appellant, J. Malcolm Nugent, brings this appeal. The sole contentions made are: (1) The lower court erred in permitting appellant's first attorney to change sides and in not sustaining appellant's motion for a return of a file which was in the attorney's possession; and (2) the circuit judge should have disqualified himself because his brother-in-law was president of the Peoples Liberty Bank & Trust Company, a party to this action, as the administrator of the estate.

■ We are unable to consider either of these contentions. We cannot find anything in the record, and the parties do not refer to any part of the record, which indicates any fact or circumstance conducing to show how or when the attorney in question was retained by appellant as his attorney. The only motion relating to this contention made by appellant during the course of the trial merely asked that the former attorney of appellant be required by the court to return a "personal file" belonging to appellant. It does not state the circumstances of employment or the contents of the file, and it is not supported by any affidavits. We will not decide this question solely on the statements of the situation as given to us by the briefs on this appeal.

■ Nor can this court consider the contention relating to the disqualification of the circuit judge, for the objection to the qualifications of the judge was not raised at any time during the proceedings in the lower court. It is a well-established rule that an objection to a trial judge must be made before entrance of a general appearance or the submission of preliminary motions preparatory to trial. Harrell v. City of Middlesboro, Ky., 287 S.W.2d 614. Certainly the objection made for the first time on this appeal was made too late.

Judgment affirmed.