**Arthur "Pete" MASON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 26, 1956.

Denney & Landrum, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., Hugh L. Hollingsworth, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

Only one ground for reversal is urged on this appeal from a judgment sentencing the appellant, Arthur "Pete" Mason, to sixteen years in the penitentiary for rape—that the trial court committed prejudicial error in refusing to grant Mason a continuance.

The appellant, a World War I veteran, picked up twelve year old Garna Lee Thompson and offered to drive her to school on the morning of January 27, 1956, but took her out on the highway outside the City of Mt. Vernon and allegedly raped her, threatening her with death if she told anyone. He was seen by three high school boys with the child in his parked car, in broad daylight, on the public highway near the time and at the place where the child recounted the attack occurred. Mason was arrested, released on bail, indicted on March 21 and tried on March 28. He had no counsel the day of the trial, and it is a question whether he could afford to employ one although there is some evidence that he was receiving a veteran's pension.

Despite the heinous nature of the crime of which appellant is charged and some technical deficiencies in the record presented on appeal, we are impressed with the fact that appellant was defended by counsel appointed by the court the very morning of the trial, although at least another week remained in the term of court. In such cir-

cumstances appointed counsel, who had requested a continuance, had little or no opportunity to investigate the case and prepare a defense if one were possible. Such a practice was disapproved by this Court in Raisor v. Com., Ky., 278 S.W.2d 635, and a new trial granted the appellant there. For the reasons therein stated, the conviction of Mason is set aside and the case remanded for another trial. See, also, Woosley v. Com., Ky., 282 S.W.2d 625.

Judgment reversed.

HOGG and CAMMACK, JJ., not sitting.