John WOODS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.
Oct. 11, 1957.

Moss Noble, Jackson, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

John Woods was convicted of the offense of carrying concealed a deadly weapon. He was sentenced to two years' imprisonment in the state reformatory. On appeal, he urges that the trial court erred: (1) in refusing to continue the case for trial; (2) in failing to permit the evidence to be reported; and (3) in permitting the prosecution to call eight "reputation" witnesses.

The indictment charges the offense to have been committed on November 12, 1956. It was returned on November 15, 1956. Appellant was arrested and gave bond on November 28, 1956. On that day, he tentatively employed a competent attorney to represent him. The case had been set for trial on December 1, 1956, the 18th and last day of the November term of the Breathitt Circuit Court. KRS 23.050.

On the day of the trial, the employed counsel for appellant withdrew from the case. Inability to prepare the case for trial due to the press of other trials and court work was given as his reason for so doing. The court had been in session continuously since the date of appellant's arrest. The present counsel for appellant was then employed. He moved for a continuance and filed appellant's supporting affidavit, which was not controverted. In addition to the facts concerning the employment of counsel, the affidavit also set forth his inability to secure the presence of a witness who had been with the appellant at the time of the alleged offense. The motion was overruled.

The prompt administration of justice is always desirable. A speedy trial sometimes fails to meet the requirement of justice because of the court's failure to allow the accused and his counsel adequate time for the preparation of the case. The basic right to a fair trial embodies the constitutional right to be represented by counsel. United States Constitution, Amendment VI; Kentucky Constitution, § 11. The right to counsel necessarily entitles the accused and his counsel to a reasonable time for the preparation of the case. Nelson v. Commonwealth, 295 Ky. 641, 175 S.W.2d 132; Raisor v. Commonwealth, Ky., 278 S.W.2d 635;

Woosley v. Commonwealth, Ky., 282 S.W. 2d 625; Mason v. Commonwealth, Ky., 294 S.W.2d 941.

█ The record discloses no reason for haste in trying the case. The nature of the offense charged did not warrant it. The accused had executed bail. All of the proceedings occurred during the November term of the court. Under the circumstances, it must be concluded that the trial court abused its discretion in refusing the continuance, thus denying appellant and his counsel adequate time for preparation of the case for trial.

The motion of appellant to have the trial proceedings reported was overruled. Appellant announced that he was able and willing to pay for such service.

KRS 28.430, in part, provides:

"(1)(a) Upon any trial or proceeding if either party requests the services of the reporter, * * * the presiding judge shall direct the reporter to, and the reporter shall, take full stenographic notes of the proceedings.

\* \* \* \* \* \*

"(2) In all criminal proceedings, upon the motion of either party the court shall order the reporter to make a full and accurate transcript and duplicate copy of his notes. * * *"

█ The construction of this provision has not been passed on directly by this Court. It has been said that where an accused is represented by counsel it is not the duty of the trial judge to order the evidence reported unless requested to do so by the accused or by his counsel. Morehead v. Commonwealth, 194 Ky. 592, 240 S.W. 93; Hamilton v. Commonwealth, 300 Ky. 246, 188 S.W.2d 435; Meredith v. Commonwealth, Ky., 296 S.W.2d 705. In each of the cases cited, the statement of the rule has been obiter dictum. Be that as it may, we feel that the General Assembly, by enactment of such a statute, intended to protect the right of the accused in the interest of a fair trial. The language used is mandatory. The accused, by himself and counsel, did all that was necessary to avail himself of the right authorized by the statute. The trial court was in error in denying this right. Wiswell v. State, 14 Okl.Cr. 517, 173 P. 662.

█ Appellant complains that the trial court improperly refused to limit the number of "reputation" witnesses introduced by the prosecution. Formerly, the court was permitted to "stop the production of further evidence on a particular point, if the evidence upon it be already so full as to preclude reasonable doubt." Civil Code of Practice, Section 593. This section has been applied to criminal cases. Eaton v. Commonwealth, 230 Ky. 250, 19 S.W.2d 218; Kitchen v. Commonwealth, 291 Ky. 756, 165 S.W.2d 547. The pertinent Civil Code section was repealed as being obsolete by the adoption of the new Civil Rules of Practice and Procedure. See Clay, CR, Disposition Table, page 820. The control of the amount of evidence produced on a particular point would seem to continue as a matter within the inherent power of the court. An abuse of discretion in this respect if shown to be prejudicial should be reviewable. Appellant has failed to show that he was prejudiced sufficiently to constitute a reversible error on this point.

The judgment is reversed.