Johnnie PERKINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1957.

Ralph N. Walter, J. Blaine Nickell, West Liberty, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The appellant, Johnnie Perkins, was convicted of the malicious shooting of another with intent to kill and sentenced to twenty-one years' imprisonment, the maximum sentence allowable for the offense. KRS 435.-170(1). Two grounds are urged for reversal: (1) Refusal of the trial court to give appellant's counsel time to prepare his de-fense; and (2) that the verdict of the jury was the result of passion and prejudice.

The appellant shot and seriously wounded Kash Allen in May, 1955, when Allen, who had been drinking and apparently was under the influence of alcohol, aggressively sought to punish appellant for not giving him some money. The appellant had started to give Allen money, but refused when Allen's wife asked him not to do it apparently because she feared Allen would spend it on more alcoholic beverages. As a result of the altercation, which occurred at the home of a mutual relative which appellant had reached on a mule, Allen, who was unarmed, was shot in the back as he dove at appellant, which gunshot wound resulted in Allen's paralysis from the waist down and his appearance in the courtroom in a wheel chair.

Appellant was indicted in October, 1955, nearly five months after the shooting, and his trial was postponed at that term of court, again in February and May, 1956, all at the request of the Commonwealth, because of the unavailability of Allen, the chief witness for the prosecution. During this period the appellant was free on a $2,000 appearance bond supplied by one Wade Blair upon whom, it later appears, appellant mistakenly relied and assumed had employed counsel for appellant's defense. When arraigned on October 16, 1956, the impecunious appellant informed the court he had counsel, so his trial was set for the next day. On the next day counsel appeared for appellant and orally prayed continuance on the ground that they had not been employed and had known nothing about the case until 8:30 a. m. that day, and could not possibly prepare a defense in a half hour. Counsel were given permission to reduce their request for a continuance to writing and to file it, which they did.

The trial court undoubtedly was misled by the appellant who certainly had had adequate time to secure counsel, and some means should be devised by the trial courts to protect themselves from the abuses and delays to which such conduct of an accused

could lead. Certainly, punishment for contempt and refusal to renew bond for appearance are available means for protecting trial courts against impositions and delays caused by defendants. But this is a matter of court administration and should not be permitted to result in an accused in a felony case not being accorded an adequate trial. The constitutional provision to the effect that an accused "has the right to be heard by himself *and counsel*," Ky.Const., § 11; U.S.Const. Amend. VI, was not made a part of our basic law only for the protection of the experienced, the wise, but also for the protection of the ignorant—the uninformed, the foolish. The constitutional right to counsel would be almost worthless unless reasonable time were allowed counsel to familiarize himself with the case and to prepare the defense. That was not done here and, in the interest of justice, it should have been done; the request of appellant's counsel for a continuance should have been granted. See Woods v. Commonwealth, Ky., 305 S.W.2d 935; Nelson v. Commonwealth, 295 Ky. 641, 175 S.W.2d 132; Mason v. Commonwealth, Ky., 294 S.W.2d 941; Woosley v. Commonwealth, Ky., 282 S.W. 2d 625; Raisor v. Commonwealth, Ky., 278 S.W.2d 635.

The judgment is reversed.