**Cecil Leon MORGAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

Cecil Leon Morgan, pro se.

Harold T. Hotopp, Asst. Atty. Gen., Robert Matthews, Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This is an appeal from a judgment overruling without a hearing a motion by appellant under RCr 11.42 to vacate his 1947 conviction for armed robbery. The motion charges that: (1) the arrest was illegal; (2) "he was denied counsel until date of trial;" (3) he was denied the right to be confronted by the witnesses against him and the right to cross-examine them; (4) "he was forced to plead and stand trial, before a jury already picked and seated, prior to the calling of his case for trial, and in

the absence of the appellant;" and (5) the trial judge who passed on his motion to vacate was the commonwealth's attorney at the time of his conviction in 1947.

■ The illegality of appellant's arrest is not ground for relief under RCr 11.42. King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

■ The allegation that "never at any time (was he) advised of his right to counsel, and that he was flatly denied counsel until the date of trial," is not legally sufficient to justify the granting of relief under this proceeding. The judgment recites that appellant was indicted January 8, 1947, arraigned January 9, 1947, on which date a notation was made on the indictment, as was the custom at that time, appointing Robert Zollinger, an attorney, to represent appellant. He was tried January 27, 1947. There is no contention the attorney thus appointed was incompetent, failed to safeguard any right of appellant, or that he did not have sufficient time to prepare the case. Neither is it shown a motion was made for continuance or that any protest was made by appellant or his attorney indicating dissatisfaction with the proceedings. On the contrary, the record shows appellant appeared in open court in the presence of and represented by his attorney and changed his plea from one of not guilty to "guilty". Appellant relies on the authority announced in Nelson v. Commonwealth, 295 Ky. 641, 175 S.W.2d 132 (1943), in support of this, the second ground for relief. Nelson made proper motion for continuance, supported by affidavits containing sufficient grounds, which was overruled. This circumstance and others strip the Nelson case of its authority in the present case. The conclusion we have reached in connection with the second ground of appellant's motion in no way limits or modifies the rule announced in Nelson that: "Adequate preparation by an attorney employed by one charged with a crime includes full consultation with his client, interviews with pro-spective witnesses, study of the facts and law applicable thereto, and the determination of the character of defense to be made and the policy to be followed during the trial." Burton v. Commonwealth, Ky., 394 S.W.2d 933 (1965), more aptly fits the facts of the present case. A similar contention was held insufficient in the Burton case.

■ Although appellant entered a plea of guilty, he now attempts to stuff his motion to vacate with the charge he was denied the right of confrontation and was deprived of the right to cross-examine the witnesses for the commonwealth. Certainly appellant had the right to be faced by his accusers and to cross-examine them, but in entering a plea of guilty he thereby waived such rights. He offers no justification for setting aside his guilty plea.

We consider the fourth ground so hopelessly insufficient and ridiculous as to require no elaborate discussion.

■ There remains the final contention that the trial judge who entered the judgment appealed from was commonwealth's attorney at the time of appellant's original conviction. There is no allegation the trial judge nurtured any prejudice toward him. There was no motion asking that the trial judge vacate the bench. The bare allegation that the trial judge was commonwealth's attorney at the time of his conviction is not a legal ground for vacating the judgment. Cf. Eastridge v. Commonwealth, 195 Ky. 126, 241 S.W. 806 (1922); Kinmon v. Commonwealth, Ky., 383 S.W. 2d 338 (1964); and Hobbs v. Stivers, Ky., 385 S.W.2d 76 (1964). See also Nugent v. Nugent's Administrator, Ky., 293 S.W.2d 478 (1956).

The record in the circuit court showed the case was not handled by the present judge but by Harry F. Poynter, an assistant commonwealth's attorney.

We conclude the judgment appealed from is correct and is therefore affirmed.