## STATE v. BILLIE BLANKENSHIP.

151 N. W. (2d) 410.

June 2, 1967—No. 39,771.

*C. Robert Brost,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard Snell,* Solicitor General, *William B. Randall,* County Attorney, and *Mentor C. Addicks, Jr.,* Assistant County Attorney, for respondent.

ROGOSHESKE, JUSTICE.

On June 12, 1964, defendant was convicted after a jury trial of aggravated robbery in violation of Minn. St. 609.245.

Insisting that he was not the person who robbed a liquor store in St. Paul at gunpoint at about 7:30 p. m. on Wednesday, February 12, 1964, defendant contends that the court erred in denying his motion for a new trial. The motion was based upon multiple claims that the public defender inadequately represented him because of a failure to find and call an alleged alibi witness and that the prosecution suppressed evidence as to the name and whereabouts of such witness. In this court he also contends that the court failed to fully instruct the jury as to reasonable doubt and that the court failed to caution the jury sua

sponte that no inference could be drawn from defendant's failure to testify.

At the hearing on his motion, defendant was afforded the right to submit oral testimony in support of his claims. Defense counsel testified at the hearing and acknowledged that sometime prior to trial defendant in some obscure manner suggested that he knew of a possible female alibi witness.[1] Except as aided by notations in his file, the contents of which defense counsel freely disclosed, his recollection as to the information defendant gave him was vague. He could recall only his belief that the information as to who she was or where she could be found was not given him and was not adequate to provoke a search for the witness. Therefore he made no attempt to locate her. Unknown to defense counsel, prior to and during trial the prosecution was in possession of a police report containing a statement made to a police investigator by one Mary Hurd that "she had spent Wednesday night [February 12, 1964]" with defendant.[2] No request for such information was made by defense counsel, and the prosecution did not voluntarily disclose it.

In November 1964, upon defendant's application alleging inadequate representation at trial, this court appointed present counsel, who represented defendant upon his motion for a new trial and upon this appeal. Investigation preparatory to the motion revealed the existence of the police report and resulted in locating Mary Hurd. Subpoenaed by defendant, she testified at the hearing on the motion that she did not know defendant, had not spent the night of the robbery with him, and had not made a statement to the investigating police officer to the effect that she had been with the defendant on that night.

Although conceivably there could be instances where defense coun-

---

[1] Although defendant also testified at the hearing, he did not state what he claimed he told his counsel or what he knew about her name and whereabouts prior to and during trial. Because of this and defense counsel's lack of recollection, it is not clear what information was supplied or to what extent defendant urged a search for the witness.

[2] At the hearing, defendant identified Mary Hurd as the woman he was with at the time the robbery was being committed.

sel's failure to diligently and adequately investigate the facts might be a controlling factor in establishing a denial of an accused's constitutional right to the effective aid and assistance of counsel,[3] this is obviously not such a case. The record suggests no reason for trial counsel to suspect that the prosecution was withholding evidence favorable to defendant nor does it establish any valid criticism for his failure to locate Mary Hurd or that his lack of any effort to search for her was without acceptable explanation. Most significant, no prejudice to defendant is shown. Her testimony at the hearing in no way exonerates defendant, and there is no reasonable basis to support an assumption that her testimony at trial would have been otherwise.

In furtherance of protecting against grave injustice, there is growing authority for imposing an affirmative duty upon the prosecution to disclose substantial and material evidence favorable to an accused and holding that passive nondisclosure may constitute a denial of due process to a defendant.[4] But in this case the statement to the police investigator cannot reasonably be regarded as exculpatory since it does not expressly indicate she was with him at the time of the robbery. It is clear that any claim of prejudice to defendant's right to a fair trial by nondisclosure was erased by Mrs. Hurd's testimony at the hearing on the motion.[5] Further, any claim that the statement alone would have been useful to the defense is purely speculative in view of the fact that the record is replete with direct and circumstantial evidence identifying defendant as the person who committed the robbery. Defendant's proof falls far short of the essentials necessary to justify a new trial.

Defendant's claims with respect to the court's instructions are wholly without merit. The instructions concerning reasonable doubt were com-

---

[3] E. g., State v. Lopez, 3 Ariz. App. 200, 412 P. (2d) 882; Morgan v. Commonwealth (Ky.) 399 S. W. (2d) 725.

[4] Barbee v. Warden, Maryland Penitentiary (4 Cir.) 331 F. (2d) 842; United States ex rel. Meers v. Wilkins (2 Cir.) 326 F. (2d) 135; Ashley v. Texas (5 Cir.) 319 F. (2d) 80. See, United States ex rel. Thompson v. Dye (3 Cir.) 221 F. (2d) 763; Application of Kapatos (S. D. N. Y.) 208 F. Supp. 883; United States ex rel. Montgomery v. Ragen (N. D. Ill.) 86 F. Supp. 382.

[5] See, Tompa v. Commonwealth of Virginia (4 Cir.) 331 F. (2d) 552; Stevens v. Warden, Maryland Penitentiary (D. Md.) 238 F. Supp. 334.

plete and adequate. Minn. St. 611.11 expressly precludes the court from cautioning the jury that no inference could be drawn from defendant's failure to testify. To enable the court to so instruct, the defendant at least would have to make a request therefor or otherwise expressly waive this statutory prohibition.

Affirmed.