## STATE v. HUBERT LeROY BRAMAN.

160 N. W. (2d) 575.

July 26, 1968—No. 40,822.

*C. Paul Jones,* State Public Defender, and *John L. Tambornino,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *James J. O'Connor,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

This is an appeal from a judgment of conviction for the crime of burglary. Minn. St. 609.58, subd. 2(3).

■ Defendant asserts, first, that his court-appointed counsel[1] was incompetent in that he did not call three available witnesses—defendant's wife, Dick Harper, and Harper's wife—to testify in corroboration of his defense of intoxication.[2] The claim is without merit.

Defendant was caught virtually redhanded in the crime about 3 a. m. on July 9,1966. His counsel called as a witness Paul Smith, who testified that he had been with defendant most of the previous day, until about 11 p. m., repairing an automobile. Smith's testimony was to the effect that they had procured a six-pack of beer earlier in the day, a "case" of beer about 3 o'clock in the afternoon, and another six-pack of beer when Dick Harper came with his wife and children to defendant's residence in the evening. Smith's testimony did not disclose either the strength of the beer or how much of it was consumed by defendant. Smith did not,

---

[1] Defendant's counsel was retained at the outset by defendant himself and represented him during the initial stages of the proceedings in that capacity. He was thereafter appointed by the court because defendant had no funds with which to pay him.

[2] Minn. St. 609.075 provides: "An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

indeed, specifically testify that defendant was intoxicated; rather, so far as appears from his testimony, defendant spoke to him soberly when Smith left his home, thanking Smith for his assistance in making the automobile repairs.

The state stipulated that if Harper were called to testify he would give the same testimony as Smith concerning the fact of drinking. Employment of this stipulation by defense counsel, rather than demonstrating incompetence or neglect, may well have been for the benefit of defendant. The stipulation could give to the jury the impression that such testimony was cumulative and corroborative. It is important to note that neither Smith, the Harpers, nor defendant's wife could have actually corroborated defendant as to any act of drinking or as to his condition during the 2½ hours between 11:30 p. m. and the time of the offense, for it is undisputed that defendant had left his residence about 11:30. There is no showing that defendant was prejudiced by the fact that such evidence of intoxication was not personally repeated by other witnesses, for it was weak evidence—as a practical matter, such a repetition would probably have the more adverse effect of underscoring its obvious weakness. See, State v. Blankenship, 277 Minn. 32, 151 N. W. (2d) 410.

Defendant's own testimony that he was intoxicated, that he had picked up two hitchhikers in St. Paul sometime before midnight, that he let one of the hitchhikers drive his car and that he then fell asleep, awaking in the burglarized premises upon the approach of the police car, hardly compelled belief under all the circumstances.

■ Defendant contends, second, that the trial court, in its instructions to the jury, incorrectly recited the terms of the burglary statute and inadequately stated the statutory definition of theft. No objection, however, was taken to the instructions at that time. We hold that there was no error of fundamental law prejudicial to the substantial rights of the defendant. State v. Keaton, 258 Minn. 359, 104 N. W. (2d) 650, 86 A. L. R. (2d) 649.

The original transcript of the court reporter contains the following statement of the court concerning the definition of burglary:

"* * * *I am going to read from the Statute*: 'Whoever enters a build-

ing while not in the lawful possession with intent to commit a crime therein commits burglary.' " (Italics supplied.)

In settling the case, however, the court accepted the reporter's corrected transcript of that portion, which then read:

"* * * I am going to read from the Statute: 'Whoever enter [sic] a building without the consent of the person in lawful possession, with intent to commit a crime therein, commits burglary . . .' "

There is no reason to doubt that the instruction was given in the manner stated in the settled case. It is inconceivable that, obviously reading from the statute before it, the court would have read it in so garbled a manner as is recited in the original transcript.

It is true that defendant was charged with entering the building, with the intent to commit the crime of theft therein, and that the court did not read to the jury the definition of theft as contained in Minn. St. 609.52, subd. 2(1).[3] Theft was instead defined to the jury simply as "the taking of the movable personal property of another." Although a more explicit definition of theft should have been given, failure to do so was without prejudice under the circumstances of this case. Defendant had never asserted that he either had taken movable property with the consent of the owner or that he had taken the property other than permanently. His defense was solely and simply that he was too intoxicated to form any intent—and there is no contention that the instructions concerning this defense were incorrect.

Affirmed.

---

[3] Minn. St. 609.52, subd. 2(1), provides that a person commits theft if he "[i]ntentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of the property."