**Billy Ray EDEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 20, 1970.

E. F. Schaeffer, Jr., Earl S. Wilson, Jr., Ernest A. Jasmin, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Billy Ray Eden was found guilty as an aider and abettor to others in committing the crimes of burglary and malicious cutting with intent to kill. His punishment was fixed by the jury at imprisonment for eight years. On this appeal he seeks reversal of the judgment on the assertion that he was "effectively deprived of his right to counsel and denied due process of law when his counsel (1) was appointed to defend him on the day of trial, and (2) was forced to trial after less than one hour's preparation."

The offenses allegedly occurred on August 31, 1967. The indictment was returned January 16, 1968. Appellant employed counsel who filed various preliminary motions in his behalf. On some date not shown by the record before us, the employed counsel withdrew from the case, and Honorable Henry Hughes of the Lexington

Bar was appointed to represent appellant, apparently because of a showing of appellant's indigence.

Several orders of continuance appear of record during the time Attorney Hughes was representing appellant. On April 8, 1969, Mr. Hughes filed his motion for permission to withdraw as attorney of record. On April 22, 1969, the court overruled Mr. Hughes' motion to withdraw because it was not supported by affidavit. On the next day Mr. Hughes renewed his motion to withdraw and filed his supporting affidavit in which he asserted that appellant was not indigent and had promised, but refused, to pay a fee to Mr. Hughes. There is no showing that the motion to withdraw as attorney and supporting affidavit were served on appellant. No formal order appears of record permitting Mr. Hughes to withdraw.

On May 1, 1969, the date on which the case was scheduled for trial, Mr. Hughes appeared in court and was orally permitted to withdraw as attorney. Appellant asked for a continuance so that he could obtain counsel, but this motion was denied. The trial judge then appointed Honorable Ernest A. Jasmin of the Lexington Bar to represent appellant. The appointed counsel was a novice at the bar, with only one jury trial in his experience. Mr. Jasmin moved for continuance so that he could prepare for the defense, but that motion was overruled. The newly appointed attorney was granted a few minutes in which to discuss the case with Mr. Hughes, and the case proceeded to trial about one hour after Mr. Jasmin was appointed as counsel for appellant.

The Commonwealth concedes "that the allowance of one hour to prepare for a criminal trial is normally * * * insufficient and inadequate." It urges, however, three reasons for applying a different rule in this case: (1) The granting of a continuance lies within the discretion of the trial judge; (2) the chronology of the case reflects that it had been pending a long time with several continuances already granted to appellant, thus supporting the trial judge's view that the appellant was deliberately attempting to delay trial; and (3) the appointed counsel presented an adequate defense anyway.

Many Kentucky cases support the proposition that it is an abuse of discretion for a trial judge to deny counsel in a criminal prosecution a reasonable time to prepare for defense. Some representative decisions in which abuse of discretion was found are Stumph v. Commonwealth, Ky., 408 S.W.2d 618, 619 (two inexperienced appointed counsel, trial two days after appointment); Woods v. Commonwealth, Ky., 305 S.W.2d 935 (trial proceeded same day original counsel withdrew and new counsel employed); Woolsey v. Commonwealth, Ky., 282 S.W.2d 625 (requiring appointed counsel to proceed with trial thirty minutes after the appointment); Raisor v. Commonwealth, Ky., 278 S.W.2d 635 (appointed counsel allowed four hours for preparation). The list of citations could be extended, but multitude of authority is not required.

In light of the showing that appellant had no notice of the withdrawal of Mr. Hughes until the very day of trial, we are unable to accede to the proposition that appellant deliberately trifled with the court in an unjustifiable scheme to thwart his trial and the orderly administration of justice.

Neither are we persuaded that the error in denying a continuance was nonprejudicial in view of the adequate efforts of the appointed counsel. We have reviewed the trial proceedings and are unable to say that the extemporaneous efforts of appointed counsel demonstrate that no prejudice befell appellant by reason of counsel's being precipitated into the trial on such short notice. There appears to be a substantial question whether the instructions were proper and whether the verdict was ambiguous. The trial judge, in the course of overruling a motion for new trial, expressed concern as to the possible

ambiguity of the verdict. More experienced counsel, or better-prepared counsel, should have raised valid objections to some of the evidence presented for the prosecution and sought more precise instructions and a clearer verdict.

The trial judge understandably sought to bring the prosecution to orderly trial and conclusion, but the appellant's right to be represented by reasonably prepared counsel was impinged.

The judgment is reversed for proceedings consistent with the opinion.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.

OSBORNE, J., dissents.

OSBORNE, Judge (dissenting).

On August 31, 1967, the appellant in company with Ruford Turner, Jr., broke into the dwelling house of Russell Cetrino for the purpose of burglarizing the house. In the process of the burglary they cut the victim with a knife and also cut his wife, Eleanor Cetrino, with the intention of killing her.

On January 16, 1968, they were jointly indicted for this offense by the Fayette County Grand Jury. Following the indictment the transcript of record shows the following steps.

April 10, 1968, the appellant, who had retained counsel moved the court for the personal attendance of Paul Abner, who was confined in the Kentucky State Reformatory at LaGrange, Kentucky, requesting that he be brought to Fayette County for the purpose of testifying as a witness.

April 10, 1968, order was entered by the Fayette Circuit Court directing Paul Abner to be transported to Fayette County to testify at trial to be held on April 21, 1968, at 9 a. m.

May 1, 1968, order was entered continuing the case upon appellant's motion.

July 2, 1968, order entered continuing the case upon appellant's motion.

September 4, 1968, motion made by appellant supported by affidavits to require the attendance of Paul Abner to attend trial set for September 12, 1968, at 9 a. m.

September 4, 1968, order entered requiring presence of Paul Abner on Thursday, September 12, 1968, for the purpose of testifying.

September 12, 1968, order entered reassigning case for trial on Wednesday, October 16, 1968, at 9 a. m.

October 16, 1968, order entered that case be continued on the docket.

January 22, 1969, order directing that this case be reassigned for trial on Thursday morning, January 23, 1969.

January 23, 1969, order showing that appellant, with his accomplice, and with advice of counsel, waived formal arraignment and entered a plea of not guilty. Jury was impanelled, tentatively accepted and court adjourned until Monday morning, January 27, 1969, at 9 a. m.

January 27, 1969, order entered upon motion of appellant. It is ordered that this cause be continued until the next term of court.

April 8, 1969, attorney Henry Hughes, moved court to withdraw as attorney of record.

April 21, 1969, motion and affidavit by Commonwealth to require presence of Paul Dempsey Abner for trial on May 1, 1969.

April 21, 1969, order directing that Paul Dempsey Abner be transported to Fayette County for the purpose of testifying.

April 22, 1969, order that Henry Hughes' motion to withdraw as attorney be overruled.

April 23, 1969, renewal of Henry E. Hughes' motion to withdraw as attorney stating reasons. The reasons being:

1. The appellant is not indigent. The appellant is able-bodied and has the ability to work and pay for the services of an attorney.

2. The appellant is out on bond and that he paid Salem Moody of Richmond, Kentucky, the sum of $600 to defend him in this action; that he did not pay an additional $400 which he owed Mr. Moody and therefore Mr. Moody withdrew as his attorney.

3. That the affiant did not know these facts at the time he was appointed to defend the appellant; that upon learning the facts he asked the appellant to pay him the reasonable fee of $250 and that the appellant agreed to pay this amount but later advised the affiant that he refused to pay one penny.

May 1, 1969, there appears a trial order showing that the appellant appeared with attorney Ernest Jasmin; that a jury was sworn and that Mrs. Thelma Estes, the official stenographic reporter was directed to record the testimony. The trial progressed and being concluded, the jury brought into court the following verdict: "We find the defendant guilty under item 6, and sentence him to the penitentiary for a period of eight years." /s/ Frank E. Clegg, Foreman.

May 6, 1969, order showing that appellant was brought into court and being informed of the matter of the indictment, plea and verdict was asked if he had any legal cause to show why judgment should not be pronounced against him. None being shown, it was adjudged by the court that he be confined in the penitentiary for a period of eight years to be served concurrently with a previous sentence incurred as a result of parole violation.

May 14, 1969, notice of appeal filed.

In view of the foregoing record, the appellant, a parole violator, having broken into a citizen's home at night and attempted to kill him and his wife with a knife, having first retained counsel and refused to pay when he was able to do so and having the court to time and time again put off his trial—I don't believe that we should reverse his conviction merely because the court finally got him to trial. If the foregoing record demonstrates anything, it demonstrates to me that if the court is forced again to try to get this man to trial it may never do so because of old age. The question of whether or not the appellant was trying to avoid trial is a value judgment which the trial court had to make. The trial court determined that he was attempting to avoid trial without good cause and further determine that he was in no way prejudiced by the court's action in forcing him to trial. In my opinion these acts did not constitute an abuse of judicial discretion.

For the foregoing reasons, I respectfully dissent.