**NATIONAL DAIRY PRODUCTS CORP. et al., Appellants,**

v.

**Albert E. RITTLE, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Gilbert Hale Nutt, Segal, Isenberg, Sales & Stewart, Louisville, for appellants.

Julius Leibson, Leibson & Leibson, Louisville, for appellee.

PALMORE, Justice.

This is an automobile accident case in which a jury awarded the appellee $8280.17 pursuant to a directed verdict of liability against the appellant.

The trial was not stenographically reported, and we have before us only a part of the evidence, because the narrative statement prepared and submitted to the trial court by the appellant was never approved but, on the contrary, was ordered stricken and is not among the papers transmitted to this court. Nor was a bystanders' bill submitted. See CR 75.13, 75.14. Appellee's motion in this court to strike the narrative statement from the record need not be considered, since it is not in the record.

Affidavits attached in support of various motions filed in the trial court disclose that on April 21, 1970, the trial was set for May 7, 1970. On May 5, 1970, the official court reporter advised counsel that she would not be available to report the pro-

ceedings. Counsel for appellant indicated to counsel for appellee that he would arrange for another reporter. The appellants told their counsel they would not pay the expense of a reporter, but on May 6, 1970, he arranged anyway for an independent court-reporting firm to provide one of its members to take the trial on the 7th. Meanwhile, according to the contents of an order entered some months later, he had told the trial judge that his clients were unwilling to pay for a reporter.

On the morning of May 7, 1970, the day of the trial, the reporting firm which had been engaged by counsel for the appellant advised him that it would be unable to furnish a reporter that day. He then objected to going to trial without a reporter and moved for a continuance, but was overruled.

Appellants contend that the trial court's refusal to continue the trial until a court reporter could be procured was a prejudicial error.

KRS 28.430(1)(a) provides as follows:

"Upon any trial or proceeding if either party requests the services of the reporter, or if, in the opinion of the presiding judge, the testimony should be preserved, the presiding judge shall direct the reporter to, and the reporter shall, take full stenographic notes of the proceedings."

In Woods v. Commonwealth, Ky., 305 S.W.2d 935 (1957), a criminal case, the provisions of KRS 28.430 were held mandatory. In Crowder v. Spears, Ky., 249 S. W.2d 164 (1952), a civil case, it was held that a party who had not objected to proceeding with the trial without a reporter and had not thereafter tendered a narrative bill of evidence was not in a position to complain. These two cases are about all the law there is to assist in determining whether the statute really is mandatory in a civil proceeding.

██ If we say that the only remedy of an aggrieved party is to proceed with a narrative statement, the effect is that the statute actually is not mandatory. We are of the opinion, however, at least in the absence of fault on the part of the litigant who insists on having the trial reported, that the statute is mandatory. But that does not solve the problem. Even though it is an error to force a litigant to trial without a court reporter, he must follow out the procedure of supplying the deficiency with a narrative statement in order for the reviewing court to determine whether he has been prejudiced. In most instances there is no difficulty in settling upon a narrative statement, in which event there is no prejudice. On the other hand, if there is a conflict on a critical point, reflected by affidavits as provided by CR 75.14, then the aggrieved party is in a position to say that a stenographic report was vital.

We do have in this record the appellee's proposed amendments to the narrative statement tendered by the appellant, which proposed amendments were approved by the trial court. See CR 75.13. The very existence of these amendments indicates a conflict between the parties as to what the evidence actually was, but without the appellant's narrative, without any affidavits to show what it contained, or wherein it conflicted with or was different from the content of the amendments, we have no basis for determining whether the trial court committed a prejudicial error either in forcing the appellant to trial without a reporter or in striking the narrative statement. In short, we have no way of knowing (except from his brief, which cannot supply or supplement the record) what the appellant claims to have been shown by the evidence.

██ When the trial court fails or declines to settle the record or, in settling it, makes or adopts corrections that are objectionable, CR 75.14 provides the remedy. If a party does not avail himself of that remedy the result is that he arrives in this court without a record of what he claims

to have been the evidence. In such event there is no basis for a finding of prejudice unless it is apparent from the record actually before us. In this instance the only record of the evidence available to us is the appellee's version which was approved by the trial court. In the absence of controverting affidavits it is final and conclusive, and it supports the directed verdict.

The judgment is affirmed.

STEINFELD, C. J., and MILLIKEN, OSBORNE and REED, JJ., concurring.

EDWARD P. HILL, Jr., J., dissenting.